**UNITED STATES**

v.

**Timothy P. THREADGILL, Seaman, U. S. Coast Guard.**

**CGCMS 27170. Docket No. 789.**

U. S. Coast Guard Court of Military Review.

Sentence Adjudged 2 July 1975.

Decided 19 April 1976.

---

7. Paragraph 82(a) MCM.

8. *Kendall v. United States ex rel. Stokes*, 37 U.S. (12 Pat.) 524, 610, 9 L.Ed. 1181 (1838).

Appearances: Military Judge: CAPT Richard M. Thomas, USCG Trial Counsel: LCDR Martin L. Lindahl, USCG Defense Counsel: LT Allen L. Durand, USCGR Appellate Defense Counsel: LT Edward J. Gill, Jr., USCGR For the United States; LT Hugh N. Johnston, Jr., USCGR.

## DECISION

PER CURIAM:

In accordance with his pretrial agreement, the accused pleaded guilty to AWOL and desertion. The AWOL specification was found on review below to be defective and the finding of guilty was disapproved. Nevertheless, the accused stands convicted of desertion from his ship, the CGC GENTIAN, from 22 May 1973 until his apprehension on 9 May 1975. Tried by military judge alone, the accused was sentenced to a bad conduct discharge. His agreement to plead guilty was in exchange for the con-

vening authority's promise to suspend any confinement if a BCD were adjudged, and to suspend confinement over three months if a BCD were not adjudged.

With regard to the pretrial agreement, the accused stated in a letter to his counsel:

I am satisfied with this agreement. My being back on active duty is working a severe financial and emotional hardship on me and on my family. My desire is to get back to my family with the shortest possible delay. If it takes a BCD to do that, then that is all right with me.

The agreement was signed the day before the trial; on the same date, the accused also signed a request for trial by judge alone.

Appellate defense counsel has assigned as error

That the pretrial agreement was void because the accused was required to waive the right to have a court with members that would determine his sentence.

The second paragraph of the accused's proposal read:

2. I further state that I understand that I have the following rights and I hereby waive these rights.

a. The right against self-incrimination.

b. The right to be confronted by the witnesses against me.

c. The right to cross-examine any witnesses against me.

d. The right to have the government prove its case against me beyond a reasonable doubt.

e. The right to have a trial by a court consisting of at least three members, one-third of which will be enlisted men at my request, who would rule on my guilt or innocence and any sentence such decisions requiring at least a ⅔ majority.

f. (This was crossed out.)

The first four of the rights mentioned are rights which an accused necessarily gives up, with respect to the issue of guilt or innocence, when he pleads guilty and the plea is accepted. Not so as to the

right to a trial with members; it does not inevitably follow from entry of a plea of guilty that the trial will be by judge alone. Trial by judge alone occurs only under the conditions stated in Article 16(2)(C) of the Code, 10 U.S.C. § 816(2)(C). An accused has the privilege to ask for trial by judge alone, but he cannot be required by pretrial agreement either to exercise that privilege or to waive his right to the standard court with members. The controlling principle is stated in *United States v. Holland*, 23 U.S.C. M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975):

> . . . extrajudicial infringement or interference with the trial and its procedures is forbidden.

In the instant case, however, the military judge questioned the accused and his counsel about the waiver of a court with members. He made it clear that trial by judge alone was an independent matter for defendant's individual discretion, apart from the pretrial agreement. The provision was part of a form agreement in use in the Eighth Coast Guard District. It was satisfactorily established in the record that the provision had been allowed to remain in the agreement only through inadvertence. The defense counsel indicated that he would have crossed it out, just as subparagraph "f" had been crossed out, if he had thought about it; and the trial counsel assured the judge that the government had no objection to elimination of the provision. At that point the judge might properly have stricken the provision from the agreement. See opinion of Chief Judge Fletcher in *United States v. Elmore*, 1 M.J. 262 (1976). Although not physically stricken from the agreement, the provision in question was plainly regarded by both the government and the defense as having no force and effect.

Accordingly, under the particular circumstances of the instant case, the provision did not constitute an "extrajudicial infringement or interference with the trial and its procedures." We are satisfied that there was no causal connection between the pretrial agreement and the accused's request for trial by judge alone.

The findings of guilty and the sentence as approved on review below are affirmed.

Judges ROSENWASSER, MAGUIRE, BRIDGMAN and LYNCH, concurring.

Judge YOUNG did not participate in the decision in this case.