**UNITED STATES**

v.

**Harry B. BLEVINS, 234 98 0986, Hospitalman (E–3), U. S. Naval Reserve.**

**NMCM 86 0842.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 3 Dec. 1985.

Decided 10 June 1986.

LCDR J.J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT RICHARD A. MEDEMA, JAGC, USNR, Appellate Defense Counsel.

Maj J.S. UBERMAN, USMC, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and GLADIS and CASSEL, JJ.

GLADIS, Judge:

The accused was convicted in accordance with his pleas, entered at a general court-martial bench trial pursuant to a pretrial agreement, of wrongful possession of diazepam (valium) (two specifications) and receipt of stolen property, 500 tablets of diazepam, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934. The convening authority approved the adjudged sentence consisting of a bad conduct discharge, confinement at hard labor for six months, and reduction to pay grade E–1.

The accused contends on appeal, as he did at trial, that the pretrial agreement term providing for waiver of his right to trial by a court composed of members violates public policy and Rule for Courts-Martial (R.C.M.) 705 because it did not originate with him. We disagree and affirm.

The accused's first offer to plead guilty in exchange for a pretrial agreement did not include a term providing for waiver of his right to trial by members. The convening authority responded with a counter-offer for an agreement including such a term. The accused submitted a second offer without such a term. The accused's offer was rejected. The accused accepted a counter-offer from the convening authority for an agreement containing the term. Defense counsel stated at trial, without contradiction from trial counsel, that he did so after trial counsel indicated the Government would accept only an agreement containing the term. Defense counsel requested that the military judge strike the clause, contending that it violated public policy and R.C.M. 705 because it had not originated with the accused, although the accused had accepted it. After the judge refused to strike the provision and found that it did not violate public policy, the accused persisted in his acceptance, although he was afforded the opportunity to withdraw from the agreement. The accused admitted that he did not feel he was being coerced into the agreement and stated that he voluntarily accepted it.

R.C.M. 705 provides:

\*    \*    \*    \*    \*    \*

(a) *In general.* Subject to such limitations as the Secretary concerned may prescribe, an accused and the convening authority may enter into a pretrial agreement in accordance with this rule.

(b) *Nature of agreement.* A pretrial agreement may include:

(1) A promise by the accused to plead guilty to, or to enter a confessional stipulation as to one or more charges and specifications, and to fulfill such additional terms or conditions which may be included in the agreement and which are not prohibited under this rule; and

(2) A promise by the convening authority to do one or more of the following:

\* \* \* \* \* \*

(E) Take specified action on the sentence adjudged by the court-martial.

\* \* \* \* \* \*

(c) *Terms and conditions.*

(1) *Prohibited terms or conditions.*

(A) *Not voluntary.* A term or condition in a pretrial agreement shall not be enforced if the accused did not freely and voluntarily agree to it.

(B) *Deprivation of certain rights.* A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

\* \* \* \* \* \*

(2) *Permissible terms or conditions.* Subject to subsection (c)(1)(A) of this rule, subsection (c)(1)(B) of this rule does not prohibit an accused from offering the following additional conditions with an offer to plead guilty:

(A) A promise to enter into a stipulation of fact concerning offenses to which a plea of guilty or as to which a confessional stipulation will be entered;

(B) A promise to testify as a witness in the trial of another person;

\* \* \* \* \* \*

(C) A promise to provide restitution;

(D) A promise to conform the accused's conduct to certain conditions of probation before action by the convening authority as well as during any period of suspension of the sentence, provided that the requirements of R.C.M. 1109 must be complied with before an alleged violation of such terms may relieve the convening authority of the obligation to fulfill the agreement; and

(E) A promise to waive procedural requirements such as the Article 32 investigation, the right to trial by court-martial composed of members or the right to request trial by military judge alone, or the opportunity to obtain the personal appearance of witnesses at sentencing proceedings.

(d) *Procedure.*

(1) *Offer.* An offer to plead guilty or to enter a confessional stipulation must originate with the accused and defense counsel, if any.

(2) *Negotiation.* Upon the initiation of the defense, the convening authority, the staff judge advocate, or the trial counsel may negotiate the terms and conditions of a pretrial agreement with the defense. All negotiations shall be with defense counsel unless the accused is not represented.

(3) *Formal submission.* After negotiation, if any, under subsection (d)(2) of this rule, if the accused elects to propose a pretrial agreement, the defense shall submit a written offer. All terms, conditions, and promises between the parties shall be written. The proposed agreement shall be signed by the accused and defense counsel, if any. If the agreement contains any specified action on the adjudged sentence, such action shall be set forth on a page separate from the other portions of the agreement.

\* \* \* \* \* \*

(4) *Acceptance.* The convening authority may either accept or reject an offer of the accused to enter into a pretrial agreement. The decision is within the sole discretion of the convening authority.

\* \* \* \* \* \*

(5) *Withdrawal.*

(A) *By accused.* The accused may withdraw from a pretrial agreement at any time; however, the accused may withdraw a plea of guilty or a confessional stipulation entered pursuant to a pretrial agreement only as provided in R.C.M. 910(h) or 811(d), respectively.

\*   \*   \*   \*   \*   \*

Citing *United States v. Schaffer,* 12 M.J. 425 (C.M.A.1982), *United States v. Mills,* 12 M.J. 1 (C.M.A.1981), and *United States v. Schmeltz,* 1 M.J. 8 (C.M.A.1975), the accused argues that a pretrial agreement provision requiring an accused to request trial by judge alone must have originated with the defense. Consequently, R.C.M. 705, which is based on the reasoning in these cases, was violated. The analysis of the drafters of R.C.M. 705 refutes his argument. R.C.M. 705(c)(2) "makes clear that certain terms or conditions are not included in subsection [705(c)(1)(B)] and are permissible as long as they are freely and voluntarily agreed to by the accused."[1] *Manual for Courts-Martial, United States 1984* (MCM), Appendix 21, Analysis at A21–35. R.C.M. 705(d)(2) "provides that once plea discussions are initiated by the defense the convening authority or a representative may negotiate with the defense. This recognizes that while the offer must originate with the defense, the specific provisions in an agreement may be the product of discussions with the Government. *Schaffer, Mills,* and *Schmeltz* suggest that each term must originate with the defense. R.C.M. 705 is consistent with this insofar as it requires that the offer to plead guilty originate with the accused (subsection (d)(1)), that the written proposal be prepared by the defense (subsection (d)(3)), and that the accused enter or agree to each term freely and voluntarily (subsection (c)(1)(A)). *It is of no legal consequence whether the accused's counsel or someone else conceived the idea for a specific provision as long as the accused, after thorough consultation with qualified counsel, can freely choose whether to submit a proposed agreement and what it will contain.* (Emphasis added). *See United States v. Munt,* 3 M.J. 1082 (A.C.M.R. 1977), *pet. denied,* 4 M.J. 198 (C.M.A. 1978)." MCM, App. 21, Analysis at A21–36 (1984).

The offer to plead guilty originated with the accused. After negotiation and consultation, the final offer, the written agreement submitted by the defense, contained the term proposed by and insisted upon by the Government that provided for waiver of the accused's right to trial by members. The judge's inquiry into the terms of the agreement was thorough. The accused freely and voluntarily entered into the agreement, including the term he attacks. He understood that he could reject the term and withdraw from the agreement. Nevertheless he freely chose to adhere to it. We find no violation of public policy. The agreement is sanctioned by R.C.M. 705.

Accordingly, the findings of guilty and sentence are affirmed.

Senior Judge MITCHELL and Judge CASSEL concur.

---

1. This analysis also refutes the accused's contention that the term providing for waiver of right to trial by members deprives an accused of the right to complete sentencing proceedings.