**UNITED STATES**

v.

**Airman Randy D. SAULTER, FR 372–70–8435, United States Air Force.**

**ACM 25394.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 April 1986.

Decided 31 Oct. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Charles L. Wille.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Major Joseph S. Kistler and Captain Robert L. Marconi, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

This case concerns an improper limitation in a pretrial agreement. The appellant entered into a pretrial agreement in which the convening authority agreed to limit the sentence in consideration of the appellant's agreement to:

(a) enter a plea of Guilty to the charges and specifications, and to

(b) waive my right to have any sentencing hearing held before a court-martial composed of members.

The appellant now asserts that the agreement to waive sentencing before a court with members violates Air Force regulation and renders the agreement unenforceable. We agree.

R.C.M. 705 governs pretrial agreements. It states: "Subject to such limitations as the Secretary concerned may prescribe, an accused and the convening authority may enter into a pretrial agreement in accordance with this rule". R.C.M. 705(a). In the Air Force, pretrial agreements have been limited by provisions in Air Force Regulation 111-1, *Military Justice Guide.* Specifically it states that:

h. Pretrial plea agreements must not be ambiguous or contain provisions limiting the accused's rights other than those specifically waived by the proposed guilty pleas. For example, an accused will not be required to testify in a particular manner or to particular facts except to the extent that the testimony is truthful, to waive pretrial motions or other motions for appropriate relief or *to request trial by military judge alone.* (emphasis added)

AFR 111-1, *Military Justice Guide,* 1 Aug. 84, para. 4-5h.

Appellate government counsel point to several cases from other services where pretrial agreements with provisions for judge alone trial have been upheld. *United States v. Threadgill,* 2 M.J. 1133 (C.G.C. M.R.1976); *United States v. Martin,* 4 M.J. 852 (A.C.M.R.1978); *United States v. Blevins,* 22 M.J. 817 (N.M.C.M.R.1986). They also point out that the Court of Military Appeals has not rejected pretrial agreements with provisions for judge alone trials. *United States v. Schmeltz,* 1 M.J. 8 (C.M.A.1975).

It appears from these cases that service-level restrictions on agreements for trial by judge alone do not exist in the other services. In the absence of the Air Force restriction to the contrary, we would see nothing objectionable about an agreement for trial by judge alone being included in a pretrial agreement. However, we are bound to apply the law as we find it, including the impact of service-level regulations where they apply. As the Court of Military Appeals stated:

[A] government agency must abide by its own rules and regulations where the underlying purpose of such regulation is the protection of personal liberties or interests.

*United States v. Russo,* 1 M.J. 134 (C.M.A. 1975). In the present case we have no choice but to hold that the provision to waive a sentencing hearing held before a court-martial composed of members violates Air Force Regulation 111-1 and ren-

ders the pretrial agreement void. This, in turn, renders the guilty plea improvident.

Appellate government counsel asserts that even if we find the pretrial agreement unlawful, we should approve the findings of guilty and reassess the sentence. We decline to do this. It is impossible to tell how the appellant might have proceeded had this provision not been in the pretrial agreement. We will not speculate on whether the absence of this particular provision might have made a pretrial agreement impossible to obtain or what effect the absence of a pretrial agreement might have had on the appellant's pleas and trial strategy. The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge MICHALSKI concur.