## UNITED STATES

### v.

### Senior Airman Armando CAMPOS, FR 021–58–0878 United States Air Force.

### ACM 25806.

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 Aug. 1986.

Decided 27 April 1987.

Approved sentence: Bad conduct discharge, confinement for ten (10) months, forfeiture of all pay and allowances and reduction to airman basic.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Michael D. Murphy on the Brief.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

This is another case dealing with the propriety of an accused waiving his right to a trial before members as part of a pretrial agreement. The appellant was tried on 26 August 1986 by judge alone for several drug offenses. Prior to trial, the appellant and the convening authority had entered into a pretrial agreement which, among other provisions, contained an agreement to request trial by judge alone. On 31 October 1986, we held that a pretrial agreement with a similar provision violated Air

Force Regulation 111–1, *Military Justice Guide,* paragraph 4–5h and was therefore void. *United States v. Saulter,* 23 M.J. 626 (A.F.C.M.R.1986)

In an attempt to remedy any defect in the pretrial agreement or in the appellant's court-martial, the convening authority directed the military judge to conduct a post-trial Article 39(a), U.C.M.J., 10 U.S.C. § 839(a), hearing under the provisions of R.C.M. 1102. During the hearing, the military judge asked whose decision it was to include the provision for judge alone trial. The trial defense counsel answered that the convening authority had "insisted upon it". The military judge went on to inform the appellant that the provision was no longer "of any force" and that the convening authority had agreed to be bound by the remainder of the pretrial agreement.

The judge next informed the appellant of the consequences of not continuing with the pretrial agreement minus the "judge alone" language:

> [I]t would be like starting from square one again. That is my understanding of the law. Trial counsel, is that your understanding also?
>
> TC: Yes, Your Honor.
>
> MJ: So essentially we would just go back to as if the trial had never been held before and there would be no pretrial agreement because there had never been a meeting of the minds because of that provision being in there.

Eventually the appellant chose to accept what had already happened rather than risk the unknown of a new trial.

In *Saulter* we attempted to announce as plainly as possible that provisions requiring trial by judge alone as a condition in a pretrial agreement were against Air Force regulation and that such provisions would render the pretrial agreement void. Air Force Regulation 111–1 has not been amended since our opinion was issued. The rule, therefore, remains the same. These provisions are improper in the Air Force. Further, since we issued *Saulter* the Court of Military Appeals has affirmed their earlier position that they do not condone such provisions even in cases where they are not prohibited by service regulation. *United States v. Zelenski,* 24 M.J. 1 (C.M.A.1987)

The convening authority's attempt to remedy the existing pretrial agreement was not effective. We held in *Saulter* that pretrial agreements with the provision for trial by judge alone were void. There was therefore no pretrial agreement for the appellant to affirm or reject. There is nothing, however, to prohibit the appellant and the convening authority from entering into a new pretrial agreement which would govern the parties' conduct at a rehearing. Of course, the sentence the appellant received at the first court-martial would serve as a cap for any punishment adjudged or agreed upon in a pretrial agreement within the provisions of R.C.M. 810(d).

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge FORAY and Judge MICHALSKI concur.