## UNITED STATES

v.

**Airman Basic Johnny C. PHILLIPS, FR 236–13–6431, United States Air Force.**

**ACM 25750.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Nov. 1986.

Decided 8 July 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Lieutenant Colonel William H. Seckinger, USAFR.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A military judge sitting alone as a general court-martial found the appellant guilty of several drug offenses. The appellant now asserts that the pretrial agreement limits a fundamental right, cannot be enforced because it is not sufficiently definite or certain, and that the judge did not sufficiently question the appellant's understanding of the provision. Although we do

not find merit in his assertions, some discussion of the pretrial agreement is warranted.

The pretrial agreement follows the standard Air Force format found in Air Force Regulation 111–1. *Military Justice Guide,* 1 August 1984, Figure 4–1, with the exception of the following subparagraph which was added to the standard list of conditions which will authorize cancellation of the agreement:

> I further agree to cooperate with Air Force authorities in the investigation of Air Force members involved in illegal drugs at Langley Air Force Base and to testify truthfully upon request at any court-martial or administrative proceeding and to waive my right against self-incrimination, but not my right to counsel.

██ The most troublesome of the appellant's assertions is that the pretrial agreement has limited a fundamental trial right. Pretrial agreements which limit "the accused's rights other than those specifically waived by the proposed guilty plea" are prohibited. A.F.R. 111–1, para 4–5h. Although it can be waived, we view the right to refuse to incriminate oneself as a fundamental trial right. U.S. Const. amend. V; U.C.M.J., art. 31, 10 U.S.C. § 831; R.C.M. 910(c)(3).

██ A guilty plea inherently waives the privilege against self-incrimination. R.C.M. 910(c)(4). The privilege against self-incrimination is, therefore, one of the rights "specifically waived by the proposed guilty plea" contemplated by the provision in A.F.R. 111–1. However, waiver of Constitutional and Codal protections against self-incrimination in *future* proceedings is not inherent in a guilty plea. R.C.M. 910(c)(4).

In the present case, the pretrial agreement provision requiring cooperation, testimony, and waiver of the privilege against self-incrimination, looks to future, not present, courts-martial. As such, it could have had no prejudicial bearing on the appellant's present trial including his testimony, waiver of the privilege against self-incrimination, or his decision to plead guilty.

If it had any effect, it probably operated to the appellant's advantage by presenting the convening authority with an agreement he was willing to approve. As to this trial, therefore, the provision is moot and the appellant was not prejudiced by its inclusion in the pretrial agreement. On the other hand, if the appellant ever refused to honor this provision and the convening authority attempted to enforce it by taking some action with regard to the present case, or by charging the appellant with an offense under the U.C.M.J., a strong case could be made for holding the provision to be unenforceable.

This case brings to a focus our concern over the growing tendency of convening authorities to approve pretrial agreements under conditions which do not appear to comport with Air Force policy on the subject. It and other cases we have reviewed recently indicate a need throughout the Air Force to review the rules governing pretrial agreements. *United States v. Saulter,* 23 M.J. 626 (A.F.C.M.R.1986); *United States v. Campos,* 24 M.J. 645 (A.F.C.M.R. 1987); R.C.M. 705; A.F.R. 111–1, *Military Justice Guide,* 1 Aug 84, 4–5.

In the Air Force there are three principle sources of guidance for pretrial agreements: case law, A.F.R. 111–1, and R.C.M. 705. Of these, R.C.M. 705 is generally the least restrictive. Of course, the existence of a less restrictive rule in the Manual for Courts-Martial does not invalidate more restrictive language in service regulations.

A.F.R. 111–1 states general Air Force policy on pretrial agreements as follows:

> Pretrial plea agreements are discouraged. However, in certain exceptional cases the undesirable aspects of this practice may be outweighed by the advantages to both the government and the accused.

A.F.R. 111–1, *Military Justice Guide,* 1 Aug 84, 4–5a.

Guidance on when pretrial agreements are appropriate appears in subsequent paragraphs. For example:

Plea agreements are limited to cases where the available evidence of guilt is convincing and conviction is probable, assuming the case were to be tried. There must be an overriding reason to forego trial of the facts and issues.

A.F.R. 111–1, *Military Justice Guide*, 1 Aug 84, 4–5c.

The format for pretrial agreements is prescribed by A.F.R. 111–1, Attachment 1. Other requirements relating to proper format for these agreements appear elsewhere in A.F.R. 111–1.

For example, pretrial agreements must be signed by the proper parties. Although R.C.M. 705 allows some delegation of the signing, but not the accepting, of pretrial agreements, A.F.R. 111–1 is more restrictive. It requires the convening authority to sign the document. A.F.R. 111–1, paras 4–5b, and 4–5g, and Fig 4–1 (note 1).

The content of pretrial agreements is further specified by paragraph 4–5h, A.F.R. 111–1, which was analyzed in more detail earlier in this opinion. Generally, it states that pretrial agreements "must not be ambiguous or contain provisions limiting the accused's rights other than those specifically waived by the proposed guilty pleas."

We have reviewed the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.