**528**

UNITED STATES

v.

Senior Airman Jonathon W. ROBIN-SON, FR 187–60–2342 United
States Air Force.

ACM 25996.

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 March 1987.

Decided 30 Sept. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles L. Wille.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Captain John J. Thrasher.

Before HODGSON, FORAY, MURDOCK, SESSOMS, MICHALSKI, LEWIS and HOLTE En Banc, Appellate Military Judges.

DECISION

LEWIS, Judge:

In a trial before a military judge, sitting alone, the appellant was found guilty, consistent with his pleas, of burglary and unlawful entry of dormitory rooms, indecent assaults against two female airmen, disorderly conduct by wrongfully entering a women's latrine, and resisting apprehension. The appellant's pleas were entered pursuant to a pretrial agreement which, among other things, limited approval of a punitive discharge to a bad conduct discharge and confinement to 16 months. His sentence as adjudged and subsequently approved consisted of a bad conduct discharge, confinement for 11 months, forfeiture of $426.00 per month for 11 months and reduction to airman basic. The issue before us is whether his pretrial agreement improperly limited a right at trial, thereby requiring that we find his pleas improvident. For reasons set forth herein, we find that the appellant's rights at trial were not improperly limited.

A provision in the written offer for pretrial agreement, which was incorporated into the resulting agreement upon its acceptance by the convening authority, obligated the appellant and his counsel "[n]ot to object to the introduction of A1C [J's] and Amn [A's] video tape statements during the sentencing portion of the trial." During the sentencing portion of the trial the trial counsel played a video tape of a sworn statement by A1C J, one of the two victims of indecent assault. No objection was posed by the trial defense counsel to

the introduction of the tape nor to any portion of its content. The tape had been recorded in a courtroom environment and consisted of A1C J responding to questions posed by an individual beyond camera range concerning the impact of the offense on her. By way of a very brief summary, A1C J stated that she had experienced extreme anxiety and nervousness as a result of the assault and had sought assistance of mental health personnel at the urging of her commander and her father. One may infer from certain of A1C J's responses that she was facing an imminent permanent change of station reassignment. She was, thus, presumably not present for duty on the date of trial, exactly three weeks following the making of the video tape. Airman A, the other assault victim, appeared at trial and provided live victim impact testimony, somewhat similar in its import to A1C J's video taped statement.

We must examine this situation in light of Air Force Regulation (AFR) 111-1, Military Justice Guide, paragraph 4–5h (1 August 1984), which provides, in pertinent part: "Pretrial agreements must not ... contain provisions limiting the accused's rights other than those specifically waived by the proposed guilty pleas." We note at the outset that this is a very broadly worded prohibition which includes in its apparently intended scope all conceivable trial rights of the accused which are not specifically subsumed in a plea of guilty. *See generally*, R.C.M. 910(c). Thus, in two similar cases, *United States v. Campos*, 24 M.J. 645 (A.F.C.M.R.1987), and *United States v. Saulter*, 23 M.J. 626 (A.F.C.M.R. 1986), we held that pretrial agreement provisions requiring that an accused elect trial by military judge alone invalidated the agreements and rendered the pleas entered pursuant thereto improvident. Our analysis in *Campos* and *Saulter* was facilitated by language in AFR 111-1, paragraph 4–5h, which specifically lists as an example of an impermissible rights waiver an agreement by an accused to request trial by military judge alone in lieu of exercising his right to trial by members. If we were to prepare a hierarchy of an accused's trial rights, we do not question that the right to trial by members would be placed higher in

the ranking of fundamental rights than the right to object to a specific piece of sentencing evidence. However, AFR 111-1 does not purport to establish any such rank order of importance, but states simply that the accused's rights may not be limited by a pretrial agreement "other than those specifically waived by the proposed guilty pleas." Against this standard, all trial rights not directly related to the plea itself are equal. On the other hand, in *United States v. Phillips*, 24 M.J. 812 (A.F.C.M.R. 1987), we held that an agreement by an accused to testify and to waive his right against self-incrimination in future proceedings looks beyond the trial and is, thus, not a trial right which is directly addressed by AFR 111-1 in the absence of a claim of prejudicial enforcement of such provision.

We conclude that an accused's right to object to the introduction of sentencing evidence is among the rights contemplated by the AFR 111-1 proscription. An accused who enters a plea of guilty waives the right to be confronted by the witnesses against him with or without a pretrial agreement. R.C.M. 910(c)(3), (4). However, this particular waiver of rights clearly extends to witness testimony which would be required to establish the accused's guilt beyond a reasonable doubt in the absence of a plea of guilty. Nothing inherent in an accused's plea of guilty serves to waive his rights with respect to sentencing testimony. Military trial practice recognizes that the presentation of aggravation evidence, in particular, is not affected by pleas. *United States v. Vickers*, 13 M.J. 403 (C.M.A.1982); R.C.M. 1001(b)(4). It would require an absurd twist of logic to suggest that an accused who pleads guilty has any lesser right to object to proffered sentencing evidence than one who has been found guilty following a contest on the merits. Indeed, this court has stated that an accused's right to object to sentencing evidence extends even to stipulated matters. *United States v. Silva*, 19 M.J. 501 (A.F.C.M.R.1984), *rev'd*, 21 M.J. 336 (1986), *aff'd on further review*, 22 M.J. 343 (1986); *United States v. Keith*, 17 M.J. 1078 (A.F.C.M.R.1984), *aff'd*, 21 M.J. 407 (1986). However, for reasons set forth below, we find that the pretrial

agreement provision in question, notwithstanding its language, did not constitute the waiver of a trial right under the facts in this case.

The 1984 Manual vests a military judge with broad discretion in receiving information for sentencing purposes other than by live witness testimony. In this regard R.C.M. 1001(e)(1) provides:

> During the presentence proceedings, there shall be much greater latitude than on the merits to receive information by means other than testimony presented through the personal appearance of witnesses. Whether a witness shall be produced to testify during presentence proceedings is a matter within the discretion of the military judge, subject to the limitations of subsection (e)(2) of this rule.

We can find nothing in the cited subsection which would have provided the appellant with a basis for demanding that A1C J be produced to present live testimony in lieu of the receipt and playing of her prerecorded video taped statement. Indeed, if the introduction of the video tape had been challenged at trial, the criteria outlined in R.C.M. 1001(e)(2) would have strongly encouraged the military judge to exercise his discretion in favor of allowing it to be received and played rather than possibly delaying the proceeding so that A1C J might be produced. Of course, when one attempts to imagine how the issue of the proffered video tape would have been resolved in the absence of the pretrial agreement provision, one has to assume the unlikely possibility that the appellant would have found it advantageous to demand that A1C J be produced as a live witness. As we view the situation the appellant did not waive a trial right in this instance. Rather, he and his counsel agreed that they would not contest a discretionary question of admissibility about which the applicable rule strongly favored admissibility in the circumstances of this case. As appellate government counsel emphasize in their brief on this issue, the appellant did not agree to waive objections which might be raised to any substantive portion of the video taped statement. What the appellant and his counsel agreed to through the questioned provision was somewhat analogous in its effect at trial to an agreement to stipulate, an undertaking of a nature both legally and customarily acknowledged to be a valid component of a pretrial agreement. *See* R.C.M. 705(c)(2)(A); AFR 111-1, Figure 4-1 (sample offer for pretrial agreement), paragraph 5c. Based on the foregoing analysis, we do not find that the pretrial agreement violated the AFR 111-1 proscription against waivers of rights by an accused.

Our analysis of the pretrial agreement in this case eliminates the necessity of our considering the further issue of whether the military judge's failure to conduct a specific inquiry concerning the origin of the provision in question affected the providence of the appellant's pleas. *United States v. Zelenski,* 24 M.J. 1 (C.M.A.1987); *United States v. Jones,* 23 M.J. 305 (C.M.A. 1987). We do take this opportunity, however, to caution trial judges to remain aware of the broadly stated waiver of rights prohibition which exists under current Air Force policy. When an issue such as we have addressed herein is viewed for the first time at the appellate level, the time for remedial action has passed. *United States v. Campos, supra,* 24 M.J., at 646. The opportune time for identification of a faulty pretrial agreement and its possible reformation is at trial during the inquiry required by *United States v. Green,* 1 M.J. 453 (C.M.A.1976).

We have examined the record of trial, the brief submitted by appellate defense counsel in response to specified issues and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Chief Judge HODGSON; Senior Judges FORAY and SESSOMS; and Judges MURDOCK, MICHALSKI and HOLTE concur.