## UNITED STATES

### v.

### Airman Basic James G. DORSEY, FR 350–60–8877 United States Air Force.

### ACM 26177.

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 April 1987.
Decided 1 Dec. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Major Deborah A. Baker and Major Thomas O. Maser, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant stands convicted of three drug-related offenses and absence without leave pursuant to his pleas of guilty. The pleas were entered in accordance with a pretrial agreement which contained the following provision:

> I also agree and understand that in addition to my plea as specified above, my defense counsel will not make any motion contesting the legality of any search and seizure out of which evidence against me may have been obtained. This waiver originated with the defense and is entirely voluntary on my part. I make this waiver only because I believe that I have received a substantial benefit in doing so and that it is in my best interest that the convening authority grant me the relief set forth above and in Appendix A. My defense counsel have advised me based on their evaluation of the evidence and the law that I probably would not prevail at trial on such a motion, therefore I believe, based upon my defense counsels' professional advice that the remote chance of my prevailing on this motion is outweighed by the direct and substantial benefits I am receiving pursuant to this agreement by not asserting any such motion.

We have specified to appellate counsel the issue of whether the quoted provision is valid under current Air Force policy. Having reviewed their responses we have concluded that it is not.

Air Force Regulation (A.F.R.) 111–1, *Military Justice Guide*, para. 4–5h (1 August 1984), provides in pertinent part: "Pretrial plea agreements must not ... contain provisions limiting the accused's rights other than those specifically waived by the proposed guilty pleas." This portion of the directive has been construed in a number of decisions of this court. The lead case is *United States v. Saulter*, 23 M.J. 626 (A.F. C.M.R.1986). In *Saulter*, the pretrial agreement contained a provision whereby the accused undertook to waive his right to trial by members contrary to a specific prohibition set forth in the above cited subparagraph of the directive. We held that the agreement was void and the resulting pleas improvident and noted that we would not speculate on how the accused would have proceeded if the waiver had not been

part of the agreement. *Id.*, at 628. In *United States v. Campos*, 24 M.J. 645 (A.F. C.M.R.1987), we reiterated our holding in *Saulter* in nearly identical circumstances. We reached the same result in *United States v. Woodard*, 24 M.J. 514 (A.F.C.M. R.1987), without elaborate discussion.

In two, more recent cases we distinguished the situation addressed in *Saulter* and *Campos*. Neither of the cases is analogous to the situation at hand. In *United States v. Phillips*, 24 M.J. 812 (A.F. C.M.R.1987), we held that a pretrial agreement provision whereby an accused agreed to waive his right against self-incrimination in future proceedings looked beyond the trial itself and was, thus, not a trial right directly addressed by the A.F.R. 111–1 proscription. Most recently, in *United States v. Robinson*, 25 M.J. 528 (A.F.C.M.R.1987), we upheld a pretrial agreement provision whereby the accused undertook not to object to the introduction of the video taped statement of an indecent assault victim during the presentencing phase of the trial. We construed the provision in *Robinson* as an agreement to forego contesting a discretionary evidentiary matter as opposed to demanding that the witness be called to give live testimony and compared such undertaking, insofar as its effect at trial was concerned, with an agreement to stipulate.

The instant case brings us back to the essence of *Saulter*. To forego a trial right as a matter of tactics is one matter. To undertake to forego a trial right through a pretrial agreement provision, for whatever reason, is precluded by A.F.R. 111–1. A motion to suppress the fruits of a search is a substantial trial right. It is not waived by a plea of guilty. An unconditional plea of guilty providently entered does, of course, prevent an accused from pursuing such a motion "with respect to that offense" as an appellate issue. Mil.R.Evid. 311(i). However, nothing inherent in a guilty plea prevents an accused from asserting his Fourth Amendment interests and obtaining a ruling thereon prior to entry of the plea. Therefore, the appellant in this case waived a right "other than

those specifically waived by the proposed guilty pleas." A.F.R. 111–1, para. 4–5h, *supra.*[1]

We find that the same result obtains as did in *Saulter*. The pretrial agreement is void. The pleas rendered in accordance therewith are improvident. We must, however, respond to two arguments advanced by appellate government counsel. First, they suggest that the results which we reached in *Saulter* and *Campos* were prompted in part by evidence that the waivers in those cases were forced on each of the two accuseds by their convening authorities. While this factor was referred to in *Campos*, 24 M.J., at 646, it was not a key to our resolution. In *Saulter*, the convening authority's negotiating position was not reflected, and we specifically stated that we would not speculate on what it might have been. 23 M.J., at 628. As Judge Cox has observed, it is very difficult to determine in any given case the origin of a particular waiver provision. *United States v. Jones*, 23 M.J. 305, 309–310 (C.M. A.1987) (concurring opinion). Our holding rests not on the origin of the challenged provision but on the fact that it is precluded by Air Force directive under any circumstances.

Appellate government counsel argue that a holding that the pretrial agreement is invalid would be undesirable from a policy perspective. An accused, they urge, should be allowed the leeway to negotiate a legal position of questionable promise in exchange for the benefits of a pretrial agreement. To hold otherwise, they caution, would be to encourage "sub rosa" understandings and agreements, a greater evil than agreements openly entered into by the parties. These are legitimate concerns. *See United States v. Hobart*, 22 M.J. 851 (A.F.C.M.R.1986). However, we do not view our charter as being one of making policy in this instance. We are, instead, construing and enforcing the policy which we perceive as evident in A.F.R. 111–1. The entire subject of pretrial agreement policy is undoubtedly receiving a substantial review at the present time. We

---

1. For an enumeration of those rights specifical- ly waived by a guilty plea, see R.C.M. 910(c)(3).

will continue to interpret and apply the written manifestation of that policy on a case to case basis.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

Senior Judge SESSOMS concurs.

BLOMMERS, Judge (dissenting):

I agree that the tenets of paragraph 4–5h of A.F.R. 111–1 were not complied with in this case. *See United States v. Campos,* 24 M.J. 645 (A.F.C.M.R.1987); *United States v. Saulter,* 23 M.J. 626 (A.F. C.M.R.1986). I will further presume that said paragraph constitutes a Secretarial statement of the "public interest" or public policy as far as the Air Force is concerned. However, where the provision of the plea agreement in question, even though it may be contrary to the regulation, is shown to have voluntarily originated from the appellant, and the record establishes that the agreement was a product freely conceived by the defense, it need not, in my judgment, invalidate an otherwise proper guilty plea. *United States v. Zelenski,* 24 M.J. 1 (C.M.A.1987); *United States v. Jones,* 23 M.J. 305 (C.M.A.1987). Such is the case here. The record clearly indicates that the appellant's agreement not to contest the legality of any search and seizure originated with the defense, was a free and voluntary decision on the appellant's part, and was made because, after considerable discussion with counsel, he perceived that it was in his best interests to do so. There being no prejudice to the appellant under these circumstances, I would affirm the findings of guilty and the sentence.