**UNITED STATES**

v.

**Airman Basic James G. DORSEY, FR 350–60–8877, United States Air Force.**

**ACM 26177 (recon).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 April 1987.

Decided 24 March 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Major Deborah A. Baker and Major Thomas O. Maser, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before SESSOMS, LEWIS and BLOMMERS, Appellate Military Judges.

## DECISION UPON RECONSIDERATION

LEWIS, Judge:

By a prior, split opinion we set aside the findings of guilty and sentence in this case. *United States v. Dorsey*, 25 M.J. 728 (A.F. C.M.R.1987). We found that a pretrial agreement provision whereby the appellant waived his right to contest the validity of a search violated the prohibition against waivers of rights as set forth in Air Force Regulation (A.F.R.) 111–1, *Military Justice Guide*, para. 4–5h (1 August 1984). Following our earlier line of decisions starting with *United States v. Saulter*, 23 M.J. 626 (A.F.C.M.R.1986), we found the agreement invalid and the pleas of guilty entered pursuant thereto improvident. Coincidentally, the provision we construed in our prior opinion was superseded by a message change to the regulation on the same date the opinion was released, 1 December 1987.

Our reconsideration is premised on our having failed to consider the effect of a post-trial proceeding. Appellate government counsel have noted that a hearing was convened by the military judge following adjournment but prior to authentication to deal with the problem created by the provision in question. R.C.M. 1102(d). The appellate counsel were not aware that a post-trial proceeding had been conducted when the case was first presented for our consideration. A transcript of the proceeding was not included in their copies of the record of trial. Although a transcript of the proceeding was contained in the Court's copy of the record, it was overlooked during our initial review. Under these circumstances, it is appropriate that we reconsider our prior opinion.

We will summarize the events that led to the post-trial proceeding. Pursuant to the pretrial agreement the accused agreed to plead guilty to specifications alleging the wrongful use of cocaine and marijuana and to absence without leave as a lesser included offense of desertion. The practical effect of somewhat complex sentence limitation provisions was that, if the appellant were found guilty only of the offenses to which he entered pleas of guilty, any period of confinement adjudged in excess of 24 months would be suspended. This was the limitation provision which became operative. A specification alleging wrongful possession of cocaine was dismissed as multiplicious, and the appellant was found not guilty of another drug-related specification following a trial before members. He was found guilty of the other offenses charged in accordance with his pleas. His adjudged sentence extended to a dishonorable discharge, confinement for three years and forfeiture of all pay and allowances. The court-martial adjourned on 29 April 1987.

The military judge, on his own motion, convened a post-trial proceeding on 19 June 1987, at Fort Lewis, Washington, where the appellant was incarcerated. The appellant was represented by one of his two military defense counsel at trial. The military judge noted that his prior inquiry at trial satisfied him that the pretrial agreement was proposed by the appellant and his counsel and, thus, was valid under prevailing decisional guidance from the Court of Military Appeals. *United States v. Jones*, 23 M.J. 305 (C.M.A.1987). However,

he also acknowledged that a line of this Court's decisions declared most such waiver provisions invalid in the Air Force in light of the prohibitive language of A.F.R. 111–1, *supra.* The military judge announced, "I strike from the pretrial agreement that portion that has the defense agreeing not to litigate a motion concerning search and seizure." He obtained an affirmative response from both counsel when he asked the parties if they desired to remain bound by the agreement as modified. He obtained the same assurance from the appellant after advising him as follows:

> .... [Y]ou understand that this means that if you don't want to be bound by this agreement as I have changed it, then what would happen is we would throw out the sentence, throw out the finding, go back and litigate this case over again on all specifications except those where jeopardy had attached and they were subsequently eliminated either by a finding of not guilty or by a dismissal.

The military judge then inquired, "Does either side believe there is anything more we should take up in this hearing to be sure that we've done a complete job on this?" Neither the trial counsel nor the defense counsel had any further comment.

Subsequent to adjournment of the post-trial proceeding, the convening authority acted on the sentence in accordance with the pretrial sentence limitation. He approved the sentence as adjudged, but he suspended confinement in excess of 24 months for a period of 12 months. This action was taken on 17 July 1987.

Was the post-trial proceeding an authorized means of dealing with the pretrial agreement provision? We should first examine the question of whether a military judge is authorized, on his own motion, to convene a proceeding in a situation such as this. Our appellate guidance is not uniform in this area. In a case that is factually distinguishable in many respects, the Court of Military Appeals has opined that a military judge has broad powers to conduct an Article 39(a) session following adjournment where the interest of justice requires

prompt corrective action. *United States v. Brickey,* 16 M.J. 258, 264–265 (C.M.A.1983). The Court, thus, alluded to an inherent authority in trial judges not specifically granted by the code. *Cf.* Article 60(e), U.C.M.J., 10 U.S.C. § 860(e), which allows convening authorities to order proceedings in revision or rehearings. However, the 1984 Manual appears to have enunciated and expanded the military judge's post-trial authority somewhat. *See* R.C.M. 1102(a), (d).

█ In this case we conclude that the military judge was conducting a proceeding in revision, notwithstanding how he designated the post-trial session. *See* R.C.M. 1102(b)(1), which authorizes proceedings in revision "to correct an apparent error, omission, or improper or inconsistent action by the court-martial, which can be rectified by reopening the proceedings without material prejudice to the accused." However, we pointed out in *United States v. Silva,* 19 M.J. 501, 502 (A.F.C.M.R.1984), *aff'd,* 22 M.J. 343 (1986), that a hearing in revision cannot be used as a means of correcting a "substantive error in the trial." *Silva* concerned an instructional error relating to sentence in a trial before members, a situation which we view as distinguishable from the case before us. Herein, there was no issue to be corrected or clarified belatedly before the members. We conclude that a post-trial proceeding in the nature of a hearing in revision was an appropriate means of clarifying a mixed question of law and fact with respect to the pretrial agreement in this case. Article 60(e)(2), U.C.M.J., 10 U.S.C. § 860(e)(2); R.C.M. 1102(b)(1), and Discussion thereunder.

█ We must now consider the issue of whether the post-trial proceeding accomplished its intended purpose, the reformation of the pretrial agreement. This is a procedure we have not looked on with favor in our past pronouncements. We have stated that a post-trial reformation is not legally tenable. Our basis for so saying is that a pretrial agreement containing a prohibited waiver provision is void. Therefore, there is no agreement that remains for the appellant to either affirm or reject.

*United States v. Campos*, 24 M.J. 645, 646 (A.F.C.M.R.1987). We have also recognized that, if an agreement is to be reformed, the opportune time for this to occur is at trial during the providence inquiry. *United States v. Robinson*, 25 M.J. 528, 530 (A.F.C.M.R.1987). By so concluding we have acknowledged the practical reality that it is difficult to reconstruct the trial process, particularly where pleas of guilty are concerned. Certain sequential steps must be followed if pleas of guilty are to be considered provident. Applying this logic to the situation at hand, we can readily see the problems inherent in a reformation after-the-fact. A number of questions are suggested. The pleas were entered during the prior trial stage while the offending pretrial agreement provision was in full force and effect as far as the parties were concerned. May such pleas now be considered provident by virtue of that which occurs at some subsequent point? The provision in question concerned a potential motion to suppress which did not materialize before pleas were entered. Might such a motion be resurrected following pleas of guilty despite the waiver provision of Mil.R.Evid. 311(i)? Arguably, a defense waiver ought not to be applied if a pretrial agreement is truly "reformed."

If we follow the logic of our past holdings in this area religiously, we cannot find that the reformation of the pretrial agreement after-the-fact was effective to avoid the result of *Saulter*. We believe a fresh perspective is appropriate, however. While the reformation of the agreement could have been conducted with more clarity, a fair reading of the transcript of the post-trial proceeding reflects that both parties desired to remain bound by the agreement as modified. If the appellant, through his counsel, desired to pursue a motion to suppress, this subject could have been addressed. We will not speculate how the military judge would have reacted had an attempt been made to do so. We will not assume that the military judge would have automatically precluded the defense from asserting a motion to suppress under the unusual circumstances of the moment when the issue wasn't even raised. We are not overly concerned with the question of providence of the prior pleas in this instance. It is clear that the appellant had an opportunity to extricate himself from those pleas had he elected to do so. We acknowledge that the military judge did not explain to him that his sentence on rehearing for the same offenses would be limited by the sentence adjudged by the prior court-martial. R.C.M. 810(d)(1). However, he had the services of qualified counsel, and we will presume that he was aware of all potential consequences of either reaffirming the agreement, and with it his prior pleas, or renouncing it. Based on our review of the entire record, including the post-trial proceeding, we find that the agreement was effectively reformed and that the pleas of guilty rendered pursuant thereto were provident.

How do we justify an apparent break of this magnitude with past precedent, much of it of quite recent vintage? In *Saulter* and the cases that followed from it, we were construing not only a regulatory prohibition against certain types of pretrial agreement provisions but also a strongly enunciated Air Force policy that an accused may not waive basic trial rights, however willingly and knowingly he or she might attempt to do so. The 1 December change to the regulation not only eliminated a rather comprehensive prohibition, it clearly redefined Air Force policy. We cannot deny that the pre-December prohibition of A.F. R. 111–1, para. 4–5h, was still in effect at the time of the trial and the subsequent post-trial proceeding. However, we do not believe it inappropriate to view the effect of the former prohibition in the light of the recent restatement of policy. Our decisions generally attempt to construe the law as it is, resolve the case and provide guidance for parties in future cases. Herein, we are construing the law as it was while endeavoring to reach a just and practical result. Future guidance on pretrial agreements is for the moment reflected in the 1 December change to the controlling directive. We need not burden the present by perpetuating an absolute rule of construction which will have no bearing on the

resolution of questions concerning pretrial agreements executed on and after the effective date of that change.

Based on our consideration of the effect of the post-trial proceeding, we no longer adhere to our prior decision in this case. Having reconsidered this matter, we conclude that the findings of guilty and the sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings and sentence are

AFFIRMED.

Senior Judge SESSOMS concurs.

BLOMMERS, Judge (concurring):

Regarding the operative effect of the pretrial agreement provision at issue in this case, I stand by my dissent as set forth in our initial opinion. *See United States v. Dorsey,* 25 M.J. 728, 730 (A.F.C.M.R.1987).