UNITED STATES

v.

Airman First Class Joshua RIVERA,
FR298–70–7414, United States
Air Force.

ACM 31734.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 14 June 1995.

Decided 20 March 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Captain Mark J. Simms.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Lieutenant Colonel William B. Smith.

Before DIXON, SCHREIER, and STARR, Appellate Military Judges.

OPINION OF THE COURT

STARR, Judge:

Charged with multiple drug offenses that carried a maximum sentence of confinement for 12 years, a dishonorable discharge, reduction to E–1, and total forfeitures, the appellant sought a bargain with the convening authority that would limit his exposure to lengthy confinement. He secured such an agreement, capping any adjudged confine-

ment at 14 months. He pleaded guilty to the alleged offenses, and despite the prosecution's sentencing argument for 20 to 30 months confinement, the appellant "beat the deal," receiving a sentence of confinement for 12 months, a bad-conduct discharge, reduction to E–1, and total forfeitures. The convening authority approved the adjudged sentence. Before this Court, the appellant claims his agreement with the convening authority contained terms that violate public policy, rendering the agreement void, and invalidating his pleas of guilty. He also contends the omission of an attachment to the Staff Judge Advocate's Recommendations (SJAR) precludes this Court from reviewing this case under UCMJ, Article 66, 10 U.S.C.A. § 866. He asks that we set aside the findings and sentence in his case. We reject the appellant's contentions, and we affirm the findings and sentence.

■ The appellant's offer for a pretrial agreement contained the following language: "I offer to: plead guilty to all specifications of the charge; make no pretrial motions; to [sic] choose judge alone forum and to [sic] testify at any trial related to my case without a grant of immunity." According to the appellant, it was impermissible for him and the convening authority to agree that he would make no pretrial motions and would testify in any related trial without a grant of immunity. The appellant does not claim that his offer was involuntary, that he misunderstood its contents, that he was prevented from presenting any motion that he otherwise would have presented, or that his pleas of guilty were otherwise improvident. He simply maintains that military case law prohibits the inclusion of the two provisions in any pretrial agreement, and their inclusion in his renders his guilty pleas improvident. Although we caution against use of waiver provisions relating to "all pretrial motions," we find no harm to the appellant in this case.

Much of the judicial authority the appellant relies on has been superceded by the rules under which this case was tried. Before 1984, pretrial agreements were governed by case law and were fairly restrictive about what an accused could bargain away. After 1984, when provisions for pretrial

agreements first appeared in the Rules for Courts–Martial (R.C.M.), the Air Force continued a more restrictive approach in this area than the Rules required. Until 1987, our regulatory provision for pretrial agreements, based as it was on pre-Rules case law, limited the permissible terms of a pretrial agreement considerably more than the Rules did. *See United States v. Dorsey,* 25 M.J. 728 (A.F.C.M.R.1987). In 1987 we amended our regulation, bringing Air Force policy and practice more in line with R.C.M. 705. *See United States v. Reed,* 26 M.J. 891 (A.F.C.M.R.1988), *pet. denied,* 27 M.J. 443 (C.M.A.1988). Our current regulatory provision, Air Force Instruction 51–201, Chapter 6, Section C, is no more restrictive than R.C.M. 705. Unlike its predecessor, it does not delineate what may and may not be agreed upon, leaving that to R.C.M. 705 and case law.

R.C.M. 705 specifically prohibits certain agreements and permits others. It requires that any term or condition be voluntarily agreed to by the accused. R.C.M. 705(c)(1)(A). R.C.M. 705 states:

> A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

R.C.M. 705(c)(1)(B). On the other hand, the Rule permits an accused to promise to stipulate to facts concerning the offenses; to testify in the trial of others; to make restitution; to behave pending convening authority action; and to waive procedural requirements such as the UCMJ, Article 32, 10 U.S.C.A. § 832, investigation, a members trial, or the opportunity to obtain the personal appearance of witnesses during sentencing. R.C.M. 705(c)(2). The Rule's Analysis notes that the list is not exhaustive. Appendix 21, M.C.M., A21–39.

In *United States v. Jones,* 23 M.J. 305 (C.M.A.1987), a case decided under pre-R.C.M. 705 law, the accused bargained with the convening authority to waive any search

and seizure and out-of-court identification motions in return for a sentence limitation. The trial defense counsel told the military judge he believed these issues existed and were capable of litigation, but the accused wanted to waive them to induce the bargain. The Court of Military Appeals (now the United States Court of Appeals for the Armed Forces) found the accused's decision worthy of appellate court respect, primarily because the waiver provision originated with the defense and there was no appearance of overreaching by the government.

Since *Jones*, the Court of Appeals for the Armed Forces has, in assessing the validity of pretrial agreement provisions, focused on the accused's grasp of the agreement's terms and whether there is an appearance of government overreaching, recognizing the accused's freedom of—and responsibility for—deciding what he or she actually wants to gain from the agreement. *See United States v. Weasler*, 43 M.J. 15, 18–19 (1995) (permissible to waive unlawful command influence motion); *United States v. Burnell*, 40 M.J. 175, 176–77 (C.M.A.1994) (permissible to waive members trial); *United States v. Gansemer*, 38 M.J. 340, 342 (C.M.A.1993) (permissible to waive administrative discharge board if punitive discharge adjudged but not approved); *United States v. Gibson*, 29 M.J. 379, 382 (C.M.A.1990), *cert. denied*, 496 U.S. 907, 110 S.Ct. 2591, 110 L.Ed.2d 272 (1990) (permissible to waive certain evidentiary objections). In the absence of government overreaching, the Court's tendency has clearly been to expand the list of permissible terms in a pretrial agreement. The Court has recently observed the acceptability of permitting an accused to specifically bargain away that which he would waive anyway by failing to raise in a timely manner. *Weasler*, 43 M.J. at 19.

The clause requiring the appellant to testify in related trials without a grant of immunity is entirely acceptable. R.C.M. 705(c)(2)(B) does not hinge the validity of this provision on the convening authority's supplementing the accused's promise with a grant of immunity. The grant of testimonial immunity is another way a convening authority may secure an accused's testimony at a related trial.

It need not be part of a pretrial agreement. In this case, the military judge specifically asked the appellant if he understood the provision, and the appellant said he did. The appellant also told the military judge that no one had forced the agreement on him. Furthermore, nothing in the record implies any lack of understanding by the appellant, and nothing indicates it was forced on him. We find no fault with this particular pretrial agreement clause. R.C.M. 705(c)(2)(B); *see also United States v. Phillips*, 24 M.J. 812, 813 (A.F.C.M.R.1987).

■ The provision that the appellant would make no pretrial motions presents a more difficult question. Its broad language prevented the appellant from presenting, before trial, motions which R.C.M. 705(c)(1)(B) plainly states may not be bargained away by an accused. These include jurisdictional and speedy trial, as well as many other motions one can envision. While speedy trial motions are waived by a guilty plea (R.C.M 707(e)), jurisdictional motions are not waived even after trial (R.C.M. 907(b)(1)(A)). The use of the word "pretrial" does not, therefore, reveal what the appellant was actually bargaining away to get his confinement limitation.

■ The appellant does not claim this clause originated with the government, and nothing in the record suggests it came from any source other than the appellant and his counsel. Either side may propose pretrial agreement provisions (R.C.M. 705(c)(2), (d)(1)), and the source of a clause becomes significant when an accused enters an agreement but then attacks it on appeal. *Weasler*, 43 M.J. at 19. An otherwise valid guilty plea will rarely, if ever, be invalidated on the basis of plea agreement provisions proposed by the defense. *Gibson*, 29 M.J. at 382. There is nothing from which we might reasonably infer that someone on the government side conjured up this clause and then forced it on the defense. In the absence of any claim by the appellant or evidence in the record to the contrary, we find that the defense proposed this clause. We are satisfied the appellant "freely bargained" to get what he wanted, which was the confinement limitation. *Gansemer*, 38 M.J. at 342.

■ There is a second reason we do not find prejudicial error in this case. We have scrutinized this record, "blue cover to blue cover," and in addition to finding no evidence of government overreaching, we find no indication that viable pretrial motions even existed for the appellant. We can point to nothing the appellant actually gave up in the way of motions to get his confinement limitation, which may account for the defense offer of this unusual condition. We realize that evidence of collateral issues from which pretrial motions arise often do not appear in the transcript. We believe, however, that had the appellant bargained away something that is proscribed by R.C.M. 705(c)(1), at least some indication would be visible somewhere in the allied papers, or the trial defense counsel at least would have mentioned it to the military judge during the guilty plea inquiry.

Had the military judge specifically asked the appellant about the pretrial motions provision, our task would be simpler. The military judge and the appellant specifically discussed the judge alone provision and the related trials provision, and the appellant gave clear and entirely satisfactory answers. However, the military judge apparently overlooked the pretrial motions provision, and neither counsel brought it to his attention. Throughout the proceedings, neither the appellant nor the trial defense counsel voiced any hesitation or confusion about the provision, and in fact never mentioned it on the record or in any document in the record other than the offer itself. The appellant did tell the military judge, however, he understood the agreement as a whole, had no questions about it, and that no one had tried to force him into it. Presumably, had the provision given some pause to the appellant or his counsel, the military judge's questions about the agreement as a whole would have generated some exchange about it.

Because the military judge did not specifically question the appellant about the pretrial motions provision, we considered returning this case for a limited hearing to learn more about the provision. Under the circumstances of this case, we are satisfied that ordering a limited hearing is unnecessary. After carefully examining the entire record, we are convinced the provision originated with the appellant and his counsel, and we are persuaded no viable motions were bargained away. Had one or more existed, surely the appellant would, as part of his claim of error, inform this Court of what they were. He fails to do this, and he asserts no specific prejudice. He advances only a public policy argument which, under the facts of his case, fails to withstand scrutiny.

We reject the claim of prejudicial error because we find no harm to the appellant under the particular facts. Our holding today is no judicial blessing of any provision that waives "all pretrial motions." The explosive language of this clause deserved some attention before its arrival at this Court. The failure by all involved in this agreement to catch the significance of the provision's breadth—or to establish as a matter of record why it is not significant—has turned an otherwise uncomplicated case into an unnecessary microstudy of the record to detect what may have been unfairly bargained away to get the appellant's pretrial agreement. We find the answer to be "nothing," but the answer could more efficiently have been revealed through questioning by the military judge.

The field of permissible pretrial agreement terms is enlarging. As the military justice system has grown less paternalistic, the military accused has been given more room to bargain at the trial level. Courts are beginning to confront novel and inventive clauses, some of which attempt to take the accused's bargaining power too far. *See United States v. Conklan,* 41 M.J. 800, 804–5 (Army Ct. Crim.App.1995) (higher sentence cap for litigating due process motions held invalid). Maverick provisions in pretrial agreement offers warrant special attention. Military judges should specifically discuss them in detail with the accused and counsel during the guilty plea inquiry. If the military judge overlooks a provision, the trial and defense counsel should not sit quietly, as they did in this case, but should inform the judge of it. The depth of the discussion will obviously depend on the nature of the provision and the parties' interpretation of it, but the more

the accused is bargaining away, the more attention the provision should get.

 We also resolve the appellant's remaining assignment of error against him. Any issue concerning the reference in the SJAR to an attachment titled "Case File/A1C Rivera" has been forfeited. The trial defense counsel received a copy of the recommendation and responded to it. He did not in any way challenge the reference or assert any other perceived legal error. There is no plain error in the reference, and in its absence, the issue has not been preserved for appellate litigation. R.C.M. 1106(f)(6).

There being no error prejudicial to the appellant's substantial rights, the findings and the sentence are

AFFIRMED.

Chief Judge DIXON and Senior Judge SCHREIER concur.