**UNITED STATES**

v.

**Michael M. LePAGE, Machinery Repairman Third Class (E–4), U.S. Navy.**

**NMCCA 200300410.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 28 March 2002.

Decided 17 Dec. 2003.

Lt Colin A. Kisor, JAGC, USNR, Appellate Defense Counsel.

LtCol John F. Kennedy, USMCR, Appellate Government Counsel.

Before DORMAN, Chief Judge, VILLEMEZ, and HARRIS, Appellate Military Judges.

DORMAN, Chief Judge:

The appellant pled guilty at his special court-martial to a single specification of the wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. Following acceptance of the guilty plea and introduction of sentencing evidence, the military judge sentenced the appellant to confinement for 15 days, forfeiture of $737.00 pay per month for one month, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged. In accordance with the terms of a pretrial agreement, the convening authority suspended all confinement in excess of 14 days for a period of six months from the date of his action.[1]

We have carefully considered the record of trial, the appellant's three assignments of error, and the Government's response. We conclude that the appellant's first assignment of error is meritorious and requires corrective action. See Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

The focus of the assignments of error is Prosecution Exhibit 3, a record of a nonjudicial punishment (NJP) dated 14 April 1999, documenting punishment for offenses committed by the appellant on 30 March 1999. During the sentencing hearing, the military judge admitted this exhibit as a matter in aggravation. The appellant did not object. In three assignments of error, the appellant contends the military judge committed plain error by admitting this document; that the military judge erred by failing to take corrective action in a post-trial Article 39(a), UCMJ, hearing on 21 June 2002; and that the appellant's trial defense counsel rendered ineffective assistance of counsel by failing to object to this exhibit. Due to our disposition of the first assignment of error, we do not reach the third assignment of error. Given the facts of this case, it is appropriate to comment on the second assignment of error. *United States v. Chisholm*, 59 M.J. 151 (C.A.A.F.2003).

---

1. This was error. The pretrial agreement required the suspension period to begin on the date of sentencing, rather than the date of the convening authority's action. Since the suspension period has expired and there is no allegation or evidence that the suspended sentence was vacated, no corrective action is required. Art. 59(a), UCMJ.

### Admission of Evidence of Stale Nonjudicial Punishment

In his first assignment of error, the appellant asserts that the military judge committed plain error by admitting Prosecution Exhibit 3. The appellant asserts error because the NJP predates the date of his marijuana offense by more than two years, and thus the admission of Prosecution Exhibit 3 violated § 0141 of the Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7C (Ch–3, 27 Jul 1998)(JAGMAN).

JAGMAN § 0141 provides, in relevant part:

> Records of nonjudicial punishment must relate to offenses committed prior to trial and during the current enlistment or period of service of the accused, provided such records shall not extend to offenses committed more than 2 years prior to the commission of any offense of which the accused stands convicted. In computing the 2–year period, periods of unauthorized absence as shown by the personnel records of the accused should be excluded.

The date of the offense of which the appellant was convicted is 4 January 2002. The date of offense for which the appellant received the NJP documented by Prosecution Exhibit 3 is 30 March 1999. The appellant is correct in his assertion that Prosecution Exhibit 3 was inadmissible under the language of JAGMAN § 0141. Prosecution Exhibit 3, on its face, reflected noncompliance with a specific policy set forth by the Judge Advocate General regarding admissibility of a stale NJP. It was, therefore, error to admit Prosecution Exhibit 3 into evidence. *United States v. Wrenn,* 36 M.J. 1188, 1192 (N.M.C.M.R.1993).

In addition to offering Prosecution Exhibit 3 as a matter in aggravation, the trial counsel compounded the error by using the appellant's stale NJP in his cross-examination of both of the appellant's character witnesses. During the cross-examination of both witnesses, the trial counsel asked each witness whether they were aware of the appellant's prior misconduct. This, too, was improper, because neither defense witness testified in a manner that "opened the door" to use of the stale NJP for impeachment purposes.

As the appellant recognizes, however, failure to raise the alleged error in a timely manner forfeits his right to object on appeal, absent a finding by this court of plain error. MIL. R. EVID. 103(a) and (d), MANUAL FOR COURTS–MARTIAL, UNITED STATES (2000 ed.); *see United States v. Kahmann,* 58 M.J. 667, 668, 672 (N.M.Ct.Crim.App.2003). To constitute "plain error," an error must in fact exist, that error must be plain or obvious, and the error must materially prejudice the substantial rights of the appellant. *Kahmann,* 58 M.J. at 673.

The appellant bases his argument for prejudice in this case on the findings of fact and conclusions of law made by the military judge during a post-trial Article 39(a), UCMJ, hearing conducted on 21 June 2002. The military judge ordered this hearing to address the issues surrounding the admission of Prosecution Exhibit 3. After considering the briefs and arguments of the parties, the military judge concluded that Prosecution Exhibit 3 had been erroneously admitted and considered by the court in arriving at an appropriate sentence, including the decision to impose a bad-conduct discharge. For this reason, the military judge concluded that the erroneous admission of Prosecution Exhibit 3 "had an unfair prejudicial impact on the sentence in this case." Record at 147.

In spite of his finding that the appellant had been prejudiced by the admission of Prosecution 3, the military judge took no corrective action. The military judge concluded that he lacked the authority to correct the error. He reached this conclusion based upon his reading of RULE FOR COURTS–MARTIAL 1009(a), MANUAL FOR COURTS–MARTIAL, UNITED STATES (2000 ed.). He read that provision, which authorizes reconsideration of a sentence "at any time before such sentence is announced in open session of the court," *id.,* as a constraint upon his ability to correct the error. Although the military judge took no corrective action, he recommended to the convening authority that he disapprove the bad-conduct discharge "in the interest of justice and fundamental fairness ..." Record at 148. The convening authority declined to do so.

This case should not even be before us for review. First, the military judge had the authority under R.C.M. 1102(b)(2) to take corrective action. The specificity of that section, which authorizes a military judge to "resolv[e] any matter which arises after trial and which substantially affects the legal sufficiency of any findings of guilty or the sentence," clearly takes precedence over the more general language contained in R.C.M. 1009(a). *See, e.g., Edmond v. United States,* 520 U.S. 651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997)(noting that in statutory construction, "where a specific provision conflicts with a general one, the specific governs.") Additionally, our superior court has encouraged such action by trial judges. *United States v. Griffith,* 27 M.J. 42, 47 (C.M.A.1988)(commenting that when, prior to authentication, "a military judge becomes aware of an error which has prejudiced the rights of the accused ... he may take remedial action on behalf of the accused without awaiting an order therefor by an appellate court.") Furthermore, under the facts of this case, the convening authority should have corrected the error that the military judge had so clearly identified, by following the specific recommendation of the military judge. We will now do so.

Plain error leaps from the pages of this record. The military judge's remarks leave no doubt that Prosecution Exhibit 3 had a significant and prejudicial effect on his sentencing deliberations and on the sentence ultimately imposed on the appellant. The military judge's remarks also make clear that he would not have imposed a bad-conduct discharge absent his consideration of Prosecution Exhibit 3.

### Conclusion

Accordingly, the findings are affirmed. Consistent with this opinion, only so much of the sentence as extends to confinement for 15 days, forfeiture of $737.00 pay for one month, and reduction to E–1 is approved.

Judge VILLEMEZ and Judge HARRIS concur.