GEISER, Judge:
A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of unauthorized absence (UA) and one specification of larceny of military property valued at $15,995.00, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 921. The appellant was sentenced to a bad-conduct discharge, confinement for 110 days, and reduction to pay grade E-l. The convening authority approved the sentence as adjudged.
In his single assignment of error, the appellant asserts that the military judge erred when he (1) found the appellant guilty of one specification of UA without first conducting a providence inquiry, and then (2) attempted to rectify the error by reopening the providence inquiry pursuant to Rule for Courts-Martial 1102(b)(2), Manual for Courts-Martial, United States (2002 ed.), after the findings and the sentence were announced but prior to authentication of the record of trial.
We have examined the record of trial, the assignment of error, and the Government’s response. We conclude that the findings and the sentence are correct in law and fact and that no error was committed that was materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).
Background
The appellant was charged with two specifications of UA and one specification of stealing an infrared camera from his command. The trial was held on four days between August and November 2004. At the initial Article 39(a), UCMJ, session, held on 30 Au *604 gust 2004, the appellant was arraigned but reserved pleas and choice of forum. At the second session, held on 20 September 2004, a new military judge presided. The appellant raised no motions and entered pleas of guilty to Charge I(UA) and Specification 1 thereunder. He entered no plea with respect to Specification 2 under Charge I. The appellant also entered a plea of not guilty to Charge II (larceny) but, inexplicably, entered a plea of guilty to the single specification thereunder. Record at 15-16. The appellant also elected trial by military judge alone. At this time, there was no pretrial agreement.
Due to a scheduling conflict, the military judge permitted the appellant to call a defense witness relating to the larceny charge prior to the presentation of any Government evidence. The Government did not object. Following the presentation of testimony, the military judge asked if the appellant was ready to conduct the providence inquiry into the two specifications of UA. The appellant indicated a readiness to conduct the providence inquiry with respect to the first specification but not the second. Id. at 61. The providence inquiry for Specification 1 of Charge I was properly conducted. Id. at 61-71.
On 12 November 2004, a third session was held before the same military judge who had presided at the second session. The appellant and the convening authority had at this point reached a pretrial agreement and the appellant now offered to plead guilty to all charges and specifications. Id. at 80. The military judge conducted a providence inquiry into Charge II (larceny) and its single specification. Id. at 81-94. The military judge properly reviewed the pretrial agreement and, at the Government’s behest, reopened the providence inquiry into Specification 1 of Charge I to resolve an issue. Id. at 111-14. At no point did the military judge conduct a providence inquiry into Specification 2 of Charge I. Nonetheless, the military judge found the appellant guilty of all charges and specifications. Id. at 115-16.
On 14 March 2005, the military judge who had conducted the second and third sessions convened a post-trial Article 39(a), UCMJ, session pursuant to R.C.M. 1102(b)(2).[1] He indicated that during his authentication of the record, he had discovered his previous failure to conduct a providence inquiry with respect to Specification 2 of Charge I. He further indicated that the trial counsel, trial defense counsel, and the military judge had engaged in a series of R.C.M. 802 conferences to resolve the issue. The military judge specifically asked the trial defense counsel and the appellant on the record if they had any claim that the proposed post-trial proceeding to conduct a providence inquiry into Specification 2 of Charge I would result in any material prejudice to the appellant’s substantial rights. Both the trial defense counsel and the appellant agreed that they perceived no material prejudice from the proposed hearing. Post-Trial Record at 2-3. The military judge then conducted a providence inquiry into Specification 2 of Charge I and found that the record now supported his previously announced findings and sentence. The appellant and the trial defense counsel were specifically asked whether either believed any further corrective action with regard to the findings or the sentence was required. Neither perceived the need for any further action or raised any objection to the post-trial hearing.
R.C.M. 1102(b)(2)
The military judge clearly erred when he failed to conduct an appropriate providence inquiry to establish a factual basis to support appellant’s plea and the court’s finding of guilty to Specification 2 of Charge I prior to adjournment. We disagree, however, with the appellant’s contention that the military judge’s application of R.C.M. 1102(b)(2) to remedy the error was in conflict with a clear reading of R.C.M. 922(d), which provides that an error in the announcement of findings may be corrected “before the final adjournment of the court-martial.” The post-trial hearing to remedy this defect in the record did not in any way affect or change the “announcement of findings.” Rather, it af *605 fected the underlying factual basis for the findings announced. The announced finding of guilty to Specification 2 of Charge I was, in fact, reaffirmed by the military judge.
R.C.M. 922(d) sets forth the procedure to follow when an error in announcement of findings is discovered prior to the final adjournment of a court-martial. The discussion to that Rule refers the reader to R.C.M. 1102 for actions to be taken if the error in announcement is discovered after final adjournment.
R.C.M. 1102, entitled “Post-trial sessions,” permits a military judge to convene a post-trial session on his own motion prior to authentication of the record of trial. Our superior court favorably endorsed the use of such post-trial sessions stating “that a post-trial Article 39(a)[, UCMJ,] hearing before a military judge often would provide a means for promptly eliminating an ambiguity or omission in the record, or disposition of a claim of error____” United States v. Brickey, 16 M.J. 258, 263 (C.M.A.1983). It is important to note, however, that the subject of the post-trial session must be “ ‘one that can be rectified without material prejudice to the substantial rights of the accused.’” Id. at 264 (quoting United States v. Roman, 46 C.M.R. 78, 80, 1972 WL 14396 (C.M.A.1972)).
In the instant case, the military judge correctly identified a deficiency in the record and sought to resolve the issue as expeditiously as possible and in a manner consistent with the appellant’s rights. Both the appellant and his counsel acknowledged on the record that they did not perceive that a post-trial Article 39(a), UCMJ, session to articulate the factual basis for the appellant’s plea of guilty to Specification 2 of Charge I created material prejudice to a substantial right of the appellant. On appeal, the appellant asserts no such material prejudice and after carefully examining the record of trial, we find none.
The appellant clearly intended to plead guilty to Specification 2 of Charge I, as evidenced both by his pleas and by the pretrial agreement.[2] There is nothing in the record to suggest otherwise. Further, the post-trial Article 39(a), UCMJ, session did not result in increased punishment for the appellant and, in fact, preserved the appellant’s pretrial agreement with the convening authority, which limited the amount of confinement he would have to serve.[3] Accordingly, we hold that the post-trial session called by the military judge, pursuant to his power under R.C.M. 1102(b)(2), was lawful and did not materially prejudice a substantial right of the appellant. To hold otherwise would elevate form over substance.
Conclusion
We affirm the findings and the sentence approved by the convening authority.
Senior Judge CARVER and Judge VOL-LENWEIDER concur.

. The military judge specifically cited United States v. LePage, 59 M.J. 659 (N.M.Ct.Crim.App. 2003), as controlling authority authorizing such a post-trial hearing.

. The pretrial agreement expressly required the appellant to plead guilty at trial and also at any subsequent rehearing, should one occur. Appellate Exhibit II at 2.

. On the date that the sentence was announced, the appellant was entitled to 107 days credit for pretrial confinement. Record at 116. As the pretrial agreement obligated the convening authority to suspend all confinement in excess of 107 days, the pretrial agreement effectively permitted the appellant to avoid any further confinement after trial.