**UNITED STATES**

v.

**Airman Basic Brandon A. DAWSON, United States Air Force.**

**ACM S31065.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 21 Nov. 2005.

21 Nov. 2007.

Appellate Counsel for the Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, Captain Griffin S. Dunham, and Captain John S. Fredland.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, Major Steven R. Kaufman, and Captain Jefferson E. McBride.

Before WISE, BRAND, and HEIMANN, Appellate Military Judges.

## OPINION OF THE COURT

HEIMANN, Judge:

Consistent with his pleas and pursuant to a pretrial agreement, the appellant pled guilty at a special court-martial to aggravated assault in conjunction with two other offenses, conspiracy to commit assault consummated by a battery and false official statements, in violation of Articles 81, 128 and 107, UCMJ; 10 U.S.C. §§ 881, 928, 907. The military judge, however, erroneously informed the appellant that he was pleading guilty only to assault consummated by a battery and, during the *Care*[1] inquiry, only discussed the elements of assault consummated by a battery with the appellant. At the conclusion of the inquiry, despite having failed to advise the appellant of the distinguishing element of aggravated assault,[2] the military judge accepted appellant's plea of guilty to aggravated assault and entered a finding of guilty to the charge of aggravated assault. Six weeks later, prior to authentication of the record, the military judge recognized his error and called a post-trial session under Article 39(a), UCMJ, 10 U.S.C. § 839, to cure the defective *Care* inquiry. Our holding today affirms the authority of military judges to remedy a flawed *Care* Inquiry in a post-trial Article 39a session.

### I. Background

The facts are not in dispute. The appellant, consistent with a pretrial agreement, entered pleas by exceptions and substitutions to the charges and specifications. Neither party questions the providence of the pleas and inquiry into the charges of conspiracy to commit assault consummated by a battery and false official statements. This Court finds the pleas to those charges and the underlying specifications provident.

On appeal, the appellant asserts three errors. First, the appellant's guilty plea to aggravated assault was improvident when the military judge only advised him of the elements and definitions of assault consummated by a battery. Second, the military judge's post-trial Article 39(a) session to advise the appellant of the elements and definitions of aggravated assault was an unlawful proceeding. Third, the appellant is entitled to a new special court-martial order because it erroneously states that the crime for which he was convicted is a crime of domestic violence under 18 U.S.C. § 922(g)(9).

In order to address the appellant's first two assignments of error, we must summarize his arguments with respect to both. The appellant contends his plea to aggravated assault was improvident, because the military judge only discussed assault consummated by a battery during the *Care* inquiry. The appellant further contends that the deficiency was not remedied by the post-trial session because it was an "unlawful proceeding," and that the post-trial session prejudiced him because it improperly attempted to transform a guilty plea to assault consummated by a battery into a plea of guilty to aggravated assault. Assuming this post-trial session was a legal nullity, the appellant argues that the remaining plea inquiry conducted at the first session is improvident to the aggravated assault specification because of the military judge's failure to advise the appellant of all the elements of aggravated assault. The appellant contends he did not have a "complete understanding" of the offense of aggravated assault and that his plea can therefore only be sustained for the lesser offense of assault consummated by a battery. The government responds by highlighting that the charge itself expressly includes the final missing element of aggravated assault, which is that the battery was done with a "force likely to produce death or grievous bodily harm." The government further argues that the appellant was on notice that the charge was aggravated assault, citing various court documents.

---

1. *United States v. Care*, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969).

2. The element not discussed or mentioned by the military judge is that the weapon, means, or force used to consummate the assault was used in a manner likely to produce death or grievous bodily harm. *See* Manual for Courts–Martial, ¶ 54.b.(4); 10 U.S.C. 928(b).

## II. Discussion

### A. Providence of the appellant's plea to aggravated assault

■ Under Article 45, UCMJ, 10 U.S.C. § 845, Rule for Courts–Martial (R.C.M.) 910, and *United States v. Care*, 40 C.M.R. 247, 253, 1969 WL 6059 (C.M.A.1969), and its progeny, there are specific requirements governing guilty pleas in the military justice system. Prior to accepting a guilty plea, the military judge must provide detailed advice to the accused and ensure that the accused understands the meaning and effect of his plea. R.C.M. 910(c). The military judge may not accept a plea of guilty without first determining that the plea is voluntary and that there is a factual basis for it. R.C.M. 910(d)-(e). When considering the adequacy of a plea, this Court considers the entire record to determine whether the dictates of Article 45, UCMJ, 10 U.S.C. § 845; R.C.M. 910, and *Care* and its progeny have been met. We will not overturn the acceptance of a guilty plea unless there is a substantial basis in law and fact for doing so. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991).

In this case, the guilty plea, resulting from the initial trial session, is provident only for assault consummated by a battery because of two significant events at that session. First, during the *Care* inquiry, the military judge expressly advised the appellant that, "[a]s I understand your plea, you are pleading by exceptions and substitutions to an assault consummated by a battery upon [the victim] . . . **as opposed to pleading guilty to aggravated assault by a means likely to produce death or grievous bodily harm.**" [R 32] (emphasis added). Second, after advising

the appellant he was pleading to only assault consummated by a battery, the military judge went on to advise the appellant of the three elements of assault consummated by a battery. He never advised the appellant he was pleading guilty to aggravated assault or of the remaining element necessary to constitute aggravated assault. In the end, both the military judge and the appellant only discussed assault consummated by a battery, nothing more. This is not a question of failing to explain an element. This is a complete failure to notify an accused at trial of the offense for which he is pleading guilty and the elements of the offense. The government's argument that the appellant was on notice does not cure the defect; particularly in view of the military judge's notification to the appellant that he was entering a plea to the lesser offense.[3] The remaining question then is could the improvident plea as to aggravated assault be reformed in the post-trial session?

### B. Lawfulness of the post-trial Article 39(a) session

■ Six weeks after the sentence was announced, and prior to authentication of the record, the military judge called a post-trial Article 39(a) session. During this session the military judge advised the parties he intended "to go over the *Care* inquiry with respect to the Specification of Charge II [aggravated assault] and only with respect to the Specification of Charge II." He advised the parties that the post-trial session was pursuant to R.C.M. 1102 and at the request of the government.[4] Finally, the military judge stated, the "purpose is to correct any omission in my discussion with the accused on the elements of the Specification of Charge II. I have

---

**3.** This Court does not believe that the government can rely upon the Supreme Court's recent ruling in *Bradshaw v. Stumpf*, 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005) to save this plea inquiry. *Cf. United States v. Redlinski*, 58 M.J. 117 (C.A.A.F.2003) (Crawford, J., dissenting) (Judge Crawford stated that, because all of the elements of attempt were discussed between the military judge and the accused, and because the elements were written into the stipulation, she would have affirmed the findings where the majority set aside findings of guilt as to attempt because the military judge failed to explain the overt act element of attempt).

**4.** Under R.C.M. 1102(d) and Article 60(e), UCMJ, 10 U.S.C. § 860(e), only the convening authority or the military judge, prior to authentication, may "direct" a post-trial session. While it does not appear from the record that the convening authority directed this session, the appellant does not raise the issue of who called the session. The appellant apparently concedes that the military judge called the session despite his statement that it was at the request of the government.

determined that this matter does not involve a substantive error which would preclude such a hearing." Neither party objected to the post-trial session. After this post-trial session, the post-trial processing proceeded to action by the convening authority. The appellant submitted matters in clemency but again raised no objections to the post-trial Article 39(a) session. The convening authority approved the sentence as adjudged, but suspended the fine and contingent confinement for 30 days, after which it would be remitted if not sooner vacated.

Authority for proceedings in revision and post-trial Article 39(a) sessions are governed by Article 60(e), UCMJ, 10 U.S.C. § 860(e) and R.C.M. 1102. Our superior court, as early as 1983, gave a strong endorsement to the practice and authority of military judges to order a post-trial Article 39(a) session or a proceeding in revision. *United States v. Brickey*, 16 M.J. 258, 263 (C.M.A.1983). Of particular significance in *Brickey* is the Court's confirmation that the authority granted to the convening authority by the UCMJ to direct a proceeding in revision is not limited to the convening authority or to merely revision hearings on questions related to guilt or innocence. *Id.* at 261–64; *United States v. Roman*, 46 C.M.R. 78, 1972 WL 14396 (C.M.A.1972). The Court, in *Brickey*, concluded that the authority granted to judges should be construed broadly to permit post-trial Article 39(a) sessions and revision hearings to include the taking of evidence "as to matters which concern the integrity of the proceedings." *Brickey*, 16 M.J. at 264. This is particularly unquestioned when, as in this case, the military judge called the session prior to authenticating the record of trial. *United States v. Scaff*, 26 M.J. 985 (A.F.C.M.R.1988). Thus the question is not one of authority but one of scope of the authority during this session. Article 60, R.C.M. 1102, and the courts provide guidance in this regard.

In Article 60(e)(2), UCMJ, Congress authorized proceedings in revision to correct "an apparent error or omission in the record" or to correct "improper or inconsistent action by a court-martial with respect to the find-

ings or sentence." Congress went on to add that these errors can only be corrected if it can be done "without material prejudice to the substantial rights of the accused." *Id.* Finally, Congress expressly provided three enumerated circumstances in which a proceeding in revision could not act.[5] The appellant does not contend that any of the enumerated statutory exclusions apply in this case and we agree. Thus, the "material prejudice" statutory limitation is our starting point.

Consistent with the UCMJ, R.C.M. 1102 recognizes the authority and expressed limitations contained in Article 60(e). In addition to restating the general prohibition (material prejudice) and the three enumerated limitations on post-trial sessions, the discussion section of R.C.M. 1102 adds that a proceeding in revision "may not be conducted for the purpose of presenting additional evidence." Of particular significance is that this evidentiary limitation is not restated for post trial Article 39(a) sessions ordered by the military judge.

Juxtaposed against these stated statutory and regulatory limitations on post-trial sessions, ordered by trial judges, are precedents by military appellate courts highlighting the policy rationale for permitting, if not encouraging, these types of sessions to the maximum extent permitted by the law and the Rules for Courts-Martial. In *Brickey*, our superior court noted post-trial sessions "provide a means for promptly eliminating an ambiguity or omission in the record, or disposing of a claim of error, before necessary witnesses dispersed, memories faded, and witnesses became unavailable." *Brickey*, 16 M.J. at 263. The Court went on to say that having military judges conduct sessions on their own motion "accords with the policy that, in the interest of justice, corrective action should take place as promptly as possible" *Id.* at 264. This view was further emphasized in *United States v. Griffith*, 27 M.J. 42 (C.M.A.1988), which held that "if the military judge lacked the power to take action to correct prejudicial error that had occurred at trial, relief for the accused might

5. Article 60(e)(2), UCMJ, 10 U.S.C. § 860(e)(2).

be delayed until review" by a service court or denied completely if no review by the service court was mandated. *Id.* at 47.

Given this backdrop, the courts have addressed the issue of the "scope" of post-trial sessions on a number of occasions in an effort to define what corrections do not materially prejudice the substantial rights of the accused. There is little dispute proceedings in revision to upwardly revise or "clarify" a sentence are not permissible. *See United States v. Jones,* 34 M.J. 270 (C.M.A.1992) (prohibiting addition of confinement). In *Scaff,* 26 M.J. at 988, the court said a proceeding in revision cannot be used to reopen a case, or to consider newly-discovered evidence and then to change the findings or sentence. Nor can proceedings in revision be used to correct a flawed instruction to the members. *Roman,* 46 C.M.R. at 81; *United States v. Silva,* 19 M.J. 501 (A.F.C.M.R. 1984); *cf. United States v. Feld,* 27 M.J. 537 (A.F.C.M.R.1988), *pet. denied,* 28 M.J. 235 (C.M.A.1989) (permitting a post-trial session held to resolve an ambiguity in the announced sentence); *United States v. Crowell,* 21 M.J. 760 (N.M.C.M.R.1985), *pet. denied,* 23 M.J. 281 (C.M.A.1986) (permitting a post-trial session to repeat the sentencing proceeding after the verbatim tape recording of the sentencing proceeding was lost).

Looking more closely to the question of using a post-trial session to correct a deficient plea inquiry, military courts have addressed this question, generally, on a couple of occasions. Of those, there is only one occasion in which our superior court has addressed the question. In *United States v. Barnes,* 44 C.M.R. 223, 1972 WL 14080 (C.M.A.1972), the Court found a proceeding in revision permissible when the military judge failed to properly advise the accused of his rights to counsel prior to accepting his plea. Dismissing the argument that without proper advice on rights to counsel, prior to pleas, the plea itself must fail, the Court found that if the appellant had objected in the revision proceedings then he would have been granted a rehearing. He did not object. The Court found that the principal purpose of Article 62(b), UCMJ, is simply to ensure an accused is not twice put in jeopardy for the same offense and clarification of counsel rights does not violate that prohibition.

This Court has addressed this question twice. In *United States v. Kaetzel,* 48 C.M.R. 58, 1973 WL 14903 (A.F.C.M.R.1973), we found that a proceeding in revision was in error when the military judge reopened the proceeding almost two months after sentence to clarify *Care* inquiry comments that were inconsistent with a plea to an AWOL specification. Citing the plea mandates of Article 45, UCMJ, this Court found that the post-trial session "had no legal effect whatever." *Id.* at 62. Specifically this Court stated, "[t]he conclusion is inescapable that noncompliance with the mandates of Article 45 is the kind of error that simply cannot be cured in a nunc pro tunc fashion." *Id.* This Court went on to say that finding the post-trial Article 39(a) session void would preclude the "chaos that can result from post findings disclaimers." *Id.* More recently in *United States v. Dorsey,* 26 M.J. 538 (A.F.C.M.R. 1988), this Court found it permissible for a military judge, almost two months after announcing findings and sentence, to reopen a case to advise the accused he was striking an invalid provision from his PTA. Declining an offer to dismiss the findings and eliminate the agreement, the accused raised no objections to the proceedings in revision.[6] Neither of these Air Force cases were appealed to the Court of Appeals for the Armed Forces.

Looking to our sister service courts of criminal appeals, we find a number of conflicting opinions. The then Army Court of Military Review in *United States v. Gibson,* 44 C.M.R. 333, 1971 WL 12492 (A.C.M.R. 1971) held that "any reconsideration of findings of guilty after sentence is announced is unauthorized and void." *Id.* at 337. In *Gibson,* the military judge sought to redo the plea inquiry when he "overlooked certain advice that I would have to give you concerning

---

**6.** The Air Force Court does not mention the prior *Kaetzel* opinion in reaching its decision in *Dor-* *sey.*

your plea of guilty." *Id.* at 335. In contrast, both the Navy and Coast Guard Courts of Criminal Appeals have found the practice of correcting an improvident plea by a post-trial session to be acceptable. Specifically, in 1995, the Coast Guard court praised the military judge when she supplemented the record of trial with post-trial affidavits to reconcile a plea inquiry and un-sworn statement conflict that put the plea in jeopardy. *United States v. Reed,* 41 M.J. 755 (C.G.Ct.Crim. App.1995). In permitting answers obtained post-trial, via interrogatories to the accused, to correct or clarify an inconsistency in the providency of the plea, the Coast Guard court cited R.C.M. 1102, *Brickey, Griffith,* and *Scaff.* The Court found the "corrective procedures" that do not materially prejudice an accused's substantial rights and to which neither party objects do not "conflict with the code or regulations." *Reed,* 41 M.J. at 758.[7] More recently, the Navy court, in *United States v. Crain,* 63 M.J. 607 (N.M.Ct.Crim. App.2006), upheld a military judge who conducted a post-trial session pursuant to R.C.M. 1102(b)(2), four months after announcing findings and sentence. This session was to conduct a *Care* inquiry to establish a factual basis for a single specification for AWOL which the military judge mistakenly overlooked at trial, despite a plea and finding of guilty to the specification. In permitting this corrective post-trial session the Navy court noted that both the trial defense counsel and the "appellant agreed that they perceived no material prejudice from the proposed hearing." *Id.* at 608. In addition, neither objected to the post-trial hearing. *Id.* Finally, on appeal the appellant again asserted no material prejudice. *Id.* at 609. Noting that the preservation of the plea actually "preserved the appellant's pretrial agreement" the Navy court found the R.C.M. 1102 session was lawful and not materially prejudicial to a substantial right of the appellant. *Id.* This now brings us to this case.

First, we reject a per se prohibition against corrective plea inquiries to the extent such a prohibition is suggested by *Kaetzel.* While we agree that the application of the Article 60, UCMJ, and R.C.M. 1102 authority must be read to be consistent with Article 45, UCMJ, we do not agree that this necessitates a per se rule. Both Articles are designed to protect the "substantial rights" of the appellant. Rather, *Kaetzel* stands for the proposition that when an appellant raises matters inconsistent with guilt at an initial session, a post-trial session cannot be used to correct or eliminate this inconsistency. If not corrected prior to announcement of the sentence the defect is left for the appellate courts to address.[8] To find otherwise would raise the potential of eroding the protections of Article 45, UCMJ, without a corresponding protection of the appellant's interest. That is not our case today.

Like the *Crain* case, the appellant here did not raise matters inconsistent with guilt in the initial session but instead failed to provide a factual basis for the plea that he entered. In this circumstance, when an accused has entered a plea of guilty and the military judge fails to complete an inquiry to some or all of the elements but nothing inconsistent with guilt has been raised, we believe that the military judge can order a post-trial Article 39(a) session under R.C.M. 1102 and complete the necessary inquiry prior to the authentication of the record. If there is no objection from trial defense counsel at the time of the later session, counsel waives the opportunity to object, excepting for cases of material prejudice. This result is particularly appropriate in a case where the accused, like this appellant, has entered into a pretrial agreement to plead guilty to the charge in question and in fact pleads guilty to the charge in question. To find otherwise would potentially afford the convening authority the opportunity to affirm some lesser findings and then not honor an existing pretrial agreement.[9] Finally, we re-

---

7. The appellant did not object to the corrective affidavits at the time proposed or on appeal. The court raised the issue sua sponte in its opinion to highlight the efforts of the military judge.

8. To this extent we disagree with the Coast Guard court's decision in *Reed.*

9. We recognize that in this case the appellant has already gotten the benefit of his PTA by the convening authority referring the case to a special court-martial.

ject the appellant's claims today that he would be materially prejudiced by a finding that affirms his plea of guilty to the very charge to which he initially pled guilty, for which he obtained the benefit of a plea agreement, and for which he never raised any matter inconsistent with his guilt. Therefore, we hold the Article 39(a) session conducted in this case was valid and the sum effect of this session was that the appellant's plea of guilty to aggravated assault was providently entered.

C. Erroneous special court-martial order

Finally, as to the third assignment of error, we agree the promulgating order is in error. The government is directed to issue a new order, deleting the reference to "18 U.S.C. § 922(g)(9)."

### III. Conclusion

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000).

Accordingly, the findings and sentence are

AFFIRMED.

**UNITED STATES**

v.

**Airman First Class Amber L. SAVOY, United States Air Force.**

**ACM 36670.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 21 Oct. 2005.

16 Nov. 2007.