# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM S32537 (f rev)

———————————

### UNITED STATES
*Appellee*

**v.**

### Esther L. LEPORE
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 16 September 2021

———————————

*Military Judge:* Jennifer E. Powell.

*Approved sentence:* Bad-conduct discharge, confinement for 30 days, reduction to E-1, and a reprimand. Sentence adjudged 27 March 2018 by SpCM convened at Cannon Air Force Base, New Mexico.

*For Appellant:* Mark C. Bruegger, Esquire.

*For Appellee:* Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before THE COURT EN BANC.

Chief Judge JOHNSON delivered the opinion of the court, in which Senior Judge LEWIS, Senior Judge POSCH, Senior Judge KEY, Judge RICHARDSON, Judge CADOTTE, Judge ANNEXSTAD, Judge MEGINLEY, Judge GOODWIN, and Judge OWEN joined.

———————————

### PUBLISHED OPINION OF THE COURT

———————————

JOHNSON, Chief Judge:

Appellant's case is before this court for the second time. A special court-martial composed of a military judge alone convicted Appellant, in accordance with her pleas pursuant to a pretrial agreement (PTA), of one specification of wrongful use of 3,4-methylenedioxymethamphetamine (MDMA) on divers occasions, one specification of wrongful use of marijuana on divers occasions, one specification of wrongful use of cocaine, and one specification of wrongful distribution of marijuana, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days, reduction to the grade of E-1, and a reprimand. Consistent with the terms of the PTA, the convening authority approved the sentence as adjudged.

Appellant initially raised two issues on appeal to this court: (1) whether the staff judge advocate (SJA) incorrectly advised the convening authority and trial counsel regarding the potential applicability of Rule for Courts-Martial (R.C.M.) 1107(d)(1)(C)(i) as it related to Appellant's substantial assistance in the investigation of other Airmen, and (2) whether the addendum to the SJA's recommendation to the convening authority contained new matters adverse to Appellant which required notification and an opportunity to respond pursuant to R.C.M. 1107(b)(3)(iii). Upon initial review, a three-judge panel of this court agreed with Appellant with respect to the first raised issue, set aside the action of the convening authority, and returned the record of trial for remand to the convening authority for new post-trial processing. *United States v. Lepore*, No. ACM S32537, 2020 CCA LEXIS 21, at *13 (A.F. Ct. Crim. App. 24 Jan. 2020) (unpub. op.).[2,3]

Upon remand, new post-trial processing was accomplished in accordance with the panel's decision, including a new SJA recommendation. The successor to the convening authority approved the adjudged sentence, and on 29 April 2020 the record was redocketed with this court for completion of review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. On 27 August 2020, Appellant submitted a new assignment of error: whether the court-martial order erroneously indicates her conviction triggered the firearms prohibition under 18 U.S.C.

---

[1] All references in this opinion to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] In light of the disposition of the first issue, the court did not reach the second raised issue.

[3] On 11 February 2020, the Government moved for this court to reconsider its 24 January 2020 decision. The prior panel issued an order granting the Government's motion for reconsideration, indicating that it "reconsidered its original opinion," and concluded "its previous decision remains unchanged." *See United States v. Lepore*, No. ACM S32537, 2020 CCA LEXIS 54 (A.F. Ct. Crim. App. 25 Feb. 2020) (order).

§ 922(g) and requires correction. We conclude the requested correction relates to a collateral matter and is beyond the scope of our authority under Article 66, UCMJ, and we therefore deny the requested relief.

## I. BACKGROUND

After the convening authority approved the sentence on 8 April 2020, the convening authority's SJA signed "Special Court-Martial Order No. 1" (CMO), also dated 8 April 2020, which reported the findings, sentence, and convening authority's action. The CMO reflected that Appellant had pleaded guilty and been convicted of wrongfully using MDMA and marijuana on divers occasions, wrongfully using cocaine, and wrongfully distributing marijuana between April and August 2017.[4] The CMO further indicated Appellant was sentenced on 27 March 2018. The first page of the CMO included the following annotation: "Firearms Prohibition. 18 U.S.C. § 922(g)."[5]

## II. DISCUSSION

### A. Law

We review questions of jurisdiction de novo. *United States v. Hale*, 78 M.J. 268, 270 (C.A.A.F. 2019) (citing *EV v. United States*, 75 M.J. 331, 333 (C.A.A.F. 2016)). "The burden to establish jurisdiction rests with the party invoking the court's jurisdiction." *United States v. LaBella*, 75 M.J. 52, 53 (C.A.A.F. 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The scope and meaning of Article 66(c), UCMJ, which is the source of this court's authority, is a matter of statutory interpretation, which, as a question of law, is [also] reviewed de novo." *United States v. Buford*, 77 M.J. 562, 564 (A.F. Ct. Crim. App. 2017) (citing *United States v. Schloff*, 74 M.J. 312, 313 (C.A.A.F. 2015), *cert. denied*, 577 U.S. 1104 (2016)).

"The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citation omitted). This court's authority to review the results of Appellant's court-martial is governed by Article 66, UCMJ, 10 U.S.C. § 866. Article 66(c), UCMJ, provides that a Court of Criminal Appeals (CCA) "may only act with respect to the findings and sentence as approved by the convening authority." 10 U.S.C. § 866(c).

---

[4] The factual background underlying Appellant's convictions can be found in this court's prior opinion. *See Lepore*, unpub. op. at *3–5.

[5] The original CMO dated 24 July 2018 did not include this annotation.

Rule for Courts-Martial 1114(b)(1) requires the convening authority to issue an "order promulgating the result of trial and the initial action of the convening authority." The promulgating order "shall set forth: the type of court-martial and the command by which it was convened; the charges and specifications, or a summary thereof, . . . ; the accused's pleas; the findings or other disposition of each charge and specification; the sentence, if any; and the action of the convening authority . . . ." R.C.M. 1114(c)(1).

18 U.S.C. § 922(g)(3) provides:

> It shall be unlawful for any person[ ]who is an unlawful user of or addicted to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. [§] 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearms or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

"The following conditions trigger the prohibition under 18 U.S.C. [§] 922(g)(3): Conviction or nonjudicial punishment for use or possession, within the last year, of a controlled substance . . . ." Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 15.28.4.2 (18 Jan. 2019) (citing 27 C.F.R. § 478.11). "In cases where specifications alleging qualifying offenses were referred to trial prior to 1 January 2019 and the accused is found guilty of one or more qualifying offenses, 'FIREARMS PROHIBITION – 18 U.S.C. § 922' must be annotated in the header [of the court-martial order]." AFI 51-201, ¶ 15.30. "Persons who receive a court-martial conviction . . . for the above qualifications [unlawful use or addiction to any controlled substance per 18 U.S.C. § 922(g)(3)] will be submitted for an additional one year prohibition from the date of the completion of the judicial . . . action . . . ." Air Force Manual 71-102, *Air Force Criminal Indexing*, ¶ 4.3.3.6. (21 Jul. 2020).

**B. Analysis**

Appellant contends that the firearms prohibition annotation citing 18 U.S.C. § 922 on the CMO dated 8 April 2020 was erroneous for multiple reasons. Appellant requests this court strike the annotation or, in the alternative, order correction of the CMO. The Government responds that this court lacks jurisdiction to effectuate the requested correction; that, moreover, the annotation is correct; and furthermore, assuming the annotation is incorrect, Appellant has failed to demonstrate prejudice. We agree with the Government that directing correction of the firearms prohibition annotation on the CMO is outside of the authority conferred on this court by Article 66, UCMJ.

We recognize this court has previously evidenced a different view as to its authority to correct CMO annotations. In *United States v. Dawson,* an opinion

primarily about the ability of a military judge to correct a deficient guilty plea inquiry at a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), hearing, this court also had this to say:

> Finally, as to the third assignment of error, we agree the promulgating order is in error. The government is directed to issue a new order, deleting the reference to "18 U.S.C. § 922(g)(9)."[6]

65 M.J. 848, 854 (A.F. Ct. Crim. App. 2007); *cf. United States v. Branson*, No. ACM S32462 (f rev), 2019 CCA LEXIS 260, at \*14 n.3 (A.F. Ct. Crim. App. 18 Jun. 2019) (unpub. op.) (directing correction of an erroneous CMO annotation that "DNA processing" was required). These two sentences constituted the entirety of the court's analysis in *Dawson* of the alleged error in the promulgating order. However, the obvious implication of this court's direction that the Government correct the erroneous reference to 18 U.S.C. § 922(g) was that this court had the authority under Article 66, UCMJ, to direct such corrections, just as Appellant requests in the instant case. The Government, which commendably draws our attention to *Dawson*, notes the absence of any analysis of jurisdiction in that case, and suggests we take the opportunity to address the question of jurisdiction now. We find it appropriate to do so.

This court's jurisdiction is defined entirely by statute, *see Arness*, 74 M.J. at 442 (citation omitted), and Article 66(c), UCMJ, specifically limits our authority such that we "may only act with respect to the findings and sentence" of a court-martial "as approved by the convening authority." 10 U.S.C. § 866(c).

Ten years after *Dawson* was decided, in *Buford* this court addressed the limits on our authority to address "errors collateral to the court-martial process." 77 M.J. at 565. There we noted that Article 66, UCMJ, "does not extend a CCA's reach to all finance or personnel matters that may have some link to a court-martial sentence." *Id*. *Buford* specifically held that this court lacked jurisdiction to grant relief for the appellant's claim that he was owed pay and allowances for accrued leave that he used following his court-martial prior to going onto an unpaid excess leave status. *Id*. However, this court has subsequently relied on *Buford* to find we lack jurisdiction in other contexts where appellants have sought relief for alleged deficiencies unrelated to the legality or appropriateness of the court-martial findings or sentence. *See United States v. Uribe*, No. ACM 39559, 2020 CCA LEXIS 119, at \*44–48 (A.F. Ct. Crim. App. 16 Apr. 2020) (unpub. op.) (citations omitted) ("We are not persuaded that po-

---

[6] 18 U.S.C. § 922(g)(9) prohibits the shipment, transportation, possession, or receipt of firearms or ammunition in or through interstate or foreign commerce by one "convicted in any court of a misdemeanor crime of domestic violence."

licing the vagaries of the military pay system falls within our limited jurisdiction over the findings and sentence of a court-martial."), *aff'd on other grounds*, 80 M.J. 442 (C.A.A.F. 2021); *United States v. Warren*, No. ACM S32565, 2020 CCA LEXIS 59, at *16–17 (A.F. Ct. Crim. App. 28 Feb. 2020) (unpub. op.) (holding the incorrect coding status as a prisoner after release from confinement was outside our jurisdiction), *rev. denied*, 80 M.J. 188 (C.A.A.F. 2020); *United States v. Faughn*, 2019 CCA LEXIS 469, at *13 (A.F. Ct. Crim. App. 26 Nov. 2019) (unpub. op.) (finding no jurisdiction over alleged irregularity in receipt of pay prior to start of appellate leave); *United States v. Yeargin*, No. ACM 39506, 2019 CCA LEXIS 294, at *2–3 (A.F. Ct. Crim. App. 8 Jul. 2019) (unpub. op.) (per curiam) (holding garnishment of wages to repay Government for entitlement fraud "is an administrative question over which we have no jurisdiction"); *United States v. Prasad*, No. ACM 39003, 2019 CCA LEXIS 246, at *16–23 (A.F. Ct. Crim. App. 10 Jun. 2019) (rejecting claim for relief as compensation for post-trial moving expenses), *rev'd on other grounds*, 80 M.J. 23 (C.A.A.F. 2020).

We also find persuasive our sister court's published opinion in *United States v. Baratta*, 77 M.J. 691, 695 (N.M. Ct. Crim. App. 2018), where the United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) found it lacked jurisdiction under Article 66, UCMJ, to address an alleged error highly analogous to the one Appellant asserts in the instant case. In *Baratta*, the appellant asserted that the Report of Results of Trial (RRT) prepared by the Government incorrectly recorded the offense codes to be reported to the Defense Incident-Based Reporting System (DIBRS), such that civilian reporting systems reflected the appellant had been convicted of offenses more serious than was actually the case. *Id.* at 694. However, the NMCCA noted that Article 66(c), UCMJ, "authorized [it] to 'act only with respect to the findings and sentence as approved by the [convening authority].'" *Id.* at 695. Therefore, the NMCCA reasoned, "when it comes to ensuring 'official records correctly reflect the results of a proceeding,'" a Court of Criminal Appeals was limited to doing so only with respect to the findings and sentence as approved by the convening authority. *Id.* (quoting *United States v. Crumpley*, 49 M.J. 538, 539 (N.M. Ct. Crim. App. 1998)). The NMCCA explained that DIBRS codes were not part of the findings of a court-martial, as defined by R.C.M. 918; nor were they an element of the sentence under R.C.M. 1003; nor were they approved by the convening authority pursuant to R.C.M. 1107. *Id.* Noting that the RRT correctly reflected the findings and sentence, the court concluded that DIBRS codes are "reporting mechanisms outside the UCMJ and Manual for Courts-Martial" that are "neither findings nor parts of a sentence," and therefore the NMCCA "d[id] not have the authority to act upon them." *Id.* (citation omitted); *cf. United States v. Barrick*, No. ACM S32579, 2020 CCA LEXIS 346, at *7 (A.F. Ct. Crim. App. 30 Sep. 2020) (unpub. op.) (citing *Baratta* with approval

and finding "no basis in law to provide relief" for an allegedly incorrect DIBRS code).

We find the NMCCA's conclusion in *Baratta* regarding the limits of Article 66(c), UCMJ, authority to be persuasive, consistent with our reasoning in *Buford*, and highly analogous to the issue in Appellant's case. Like the DIBRS codes at issue in *Baratta*, the 18 U.S.C. § 922(g) annotation on the CMO in Appellant's case relates to a reporting mechanism external to the UCMJ and Manual for Courts-Martial. Like the DIBRS codes, the firearms prohibition annotation was not a finding or part of the sentence, nor was it subject to approval by the convening authority. *See* R.C.M. 918; R.C.M. 1003; R.C.M. 1107. Nor does R.C.M. 1114(c)(1) require such an annotation to be in the promulgating order. To be clear, we do not hold that this court lacks authority to direct correction of errors in a promulgating order with respect to the findings, sentence, or action of the convening authority. However, the mere fact that a firearms prohibition annotation, not required by the Rules for Courts-Martial, was recorded on a document that is itself required by the Rules for Courts-Martial is not sufficient to bring the matter within our limited authority under Article 66, UCMJ.

For the reasons stated above, we hold this court lacks authority under Article 66, UCMJ, to direct correction of the 18 U.S.C. § 922(g) firearms prohibition on the CMO. To the extent this court's prior published decision in *United States v. Dawson*, 65 M.J. 848 (A.F. Ct. Crim. App. 2007), stands for the contrary proposition, *Dawson* is overruled. Accordingly, we do not reach the merits of the alleged error in the CMO.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59 and 66(c), UCMJ, 10 U.S.C. §§ 859, 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court